[No. 4962.]

## The Treasury Tunnel Mining and Reduction Company v. Gregory et al.

1. Practice in Civil Actions—Ejectment—Pleading—Answer—
    Evidence—Tax Deeds.

In an action of ejectment, where the defendant relies upon a treasurer's deed to show title in himself, it is not necessary for him to allege in his answer all the initial proceedings culminating in the issuance of such deed in order to render it admissible in evidence.—P. 214.

2. Appellate Practice—Finding Not Supported by Evidence.

Where, in an action of ejectment, the defendant relied upon a tax deed to show title in himself, and, upon appeal, there is included in the record a finding that the law was not complied with either in the levy of the taxes for which the property was sold or in the assessment of the property, but the bill of exceptions shows that no testimony was taken or evidence received sufficient to support it, such finding will be ignored by the appellate court.—P. 216.

3. Practice in Civil Actions — Tax Deeds — Evidence — Order of
    Proof.

A tax deed is not admissible in evidence to establish title to real estate unless it be first proven that, before the deed was issued, either the statutory notice was given of when the time for redemption would expire, or that the assessed valuation was less than five hundred dollars; but the order of proof is not important, and the deed should be received and considered, unless it appears from the deed itself that it is void, whenever the required proof is made. The offer of an instrument with the statement that the necessary proof will follow, is not objectionable.
—P. 216.

4. Practice in Civil Actions—Ejectment—Evidence—Tax Deed—
    Tender of Proof.

In an action of ejectment, where the trial court excluded a tax deed relied upon by defendant to show title in himself, solely upon the ground that such deed was void upon its face, it was not incumbent upon defendant to offer proof showing that, before the deed was issued, the statutory notice of when the time for redemption would expire was given, or that the assessed valuation was less than five hundred dollars.—P. 216.

*Appeal from the District Court of Ouray County.*
*Hon. Theron Stevens, Judge.*

Action by W. N. Gregory and William Sheehan
against The Treasury Tunnel Mining & Reduction
Company.   From a judgment for plaintiffs, defend-
ant appeals.   .   *Reversed and remanded.*

Messrs. HENRY & SIGFRID, for appellant.

No appearance for appellees.

Mr. JUSTICE STEELE delivered the opinion of the
court:

In an action of ejectment the plaintiff alleged
ownership of the Lily Lode, in Red Mountain min-
ing district, and ouster and ejectment by the defend-
ants.   The answer admits that the defendant en-
tered into the possession of the property at the time
alleged in the complaint, alleges that the defendant
was entitled to the possession of the premises, and
denies the ouster and ejectment.   For a special de-
fense, the defendant alleged the issuance of a treas-
urer's deed to the property on the 8th of June, 1899,
the recording of the deed and the subsequent pay-
ment of the taxes, the taking possession of the prem-
ises and the making of valuable improvements there-
on with the knowledge of the plaintiff; and further,
that by reason of said deed and the open and
actual possession of said premises, the defendant
has, claims and holds the superior and paramount
title in and to said premises, and is now in the posses-
sion, entitled to the possession, and has the right of
possession to the whole of said premises, and that
plaintiff's title has been canceled and annulled.   The
replication alleges that the treasurer's deed is void,
and further alleges that, in the steps taken by the
county officials leading up to the issuance of the

treasurer's deed, they failed to follow the statute, and sets forth in detail the facts which plaintiffs claim render the deed void. A tender of three hundred dollars was made and a jury was waived.

Plaintiff introduced the evidence of his title, consisting of a patent of the United States and a quitclaim deed from the patentee, and rested. The defendant then offered the treasurer's deed. Objection to this was sustained. The court, in sustaining the objection, said: "The court holds that the further and special defense does not contain sufficient allegations to warrant the court in admitting the tax deed as evidence; and further, that the recitals in the tax deed show, first, that the property was first offered for sale on the 23d day of October, 1895, and that it was sold on the 23d day of October, 1895. Whereas, the law requires that it shall be offered at the beginning of the sale and re-offered from day to day until the last day of the sale, before it can be struck off to the county. The court deems these two objections sufficient to justify the court in refusing the tax deed as evidence, and will not pass upon the other objections which have been made to the introduction of the tax deed as evidence."

One of the objections to the introduction of the tax deed was: "That no proof has been offered showing that the notice required by law to be given before a tax deed is issued has been given to the owners of the property, or facts showing that such notice is unnecessary." The court rendered judgment in favor of the plaintiffs for the possession of the premises, and ordered the money deposited as a tender paid to the defendant. The defendant appealed to this court.

In sustaining the objection to the treasurer's deed upon the grounds stated, the court committed error. It was not necessary for the defendant to have

alleged in the answer all the initial proceedings culminating in the issuance of a treasurer's deed.

The court erred in excluding the deed upon the other ground, namely, that the deed showed on its face that the property was struck off to the county on the first day of the sale. The deed recites that, on the 12th day of October, 1895, the treasurer, having offered the premises for sale and having received no bids therefor, "re-offered them at the beginning of the sale the next day and from day to day thereafter until the said 23d day of October, A. D. 1895, which was the last day of said sale, and the said treasurer, being satisfied that no more sales could be effected on behalf of the county of Ouray, as aforesaid, and there being no bids for said property, or any part thereof, on last said day, the treasurer bid off for said county of Ouray the whole of said real estate as above described." And the deed does not show, as the court declared, that it was first offered for sale on the 23d of October, and was sold on the 23d of October, but does show that the property was offered at the beginning of the sale and re-offered from day to day until the last day, when it was bid off for the county.

We have held that a tax deed is not admissible in evidence to establish title to real estate unless it be first proven that before the deed was issued either the statutory notice was given of when the time for redemption would expire, or that the assessed valuation was less than five hundred dollars. If the court had passed upon the objection made to the deed, that such notice had not been given nor facts proved showing that it was unnecessary, and the party offering it had not afterwards offered to prove the notice or prove that the assessment was less than five hundred dollars, then the judgment could have been sustained; but he based his ruling upon other objections

and held that the deed was void upon its face. The defendant, therefore, had no opportunity to offer proof which, under the rule in *Richards v. Beggs,* 31 Colo. 186, would make the deed competent evidence of title.

Included in the record is a finding that the law was not complied with either in the levy of the taxes for which the property was sold or in the assessment of the property. The bill of exceptions, however, shows that no testimony was taken or evidence received other than we have stated, and we shall ignore the finding.

It is not important in what order the proof of notice or proof that the assessment was less than five hundred dollars is made. The deed should be received and considered, unless it appears from the deed itself that it is void, whenever the required proof is made. Frequently counsel offer an instrument with the statement that they will follow it with the necessary proof. This practice is not objectionable. It was not incumbent upon the defendant, under the ruling of the court, to have offered the proof required in *Beggs v. Richards.*

The judgment is reversed and the cause remanded.                    *Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.