[No. 5770.]

## MITCHELL v. TROWBRIDGE.

1. **Quieting Title—Title by Prescription**—A title acquired by possession under color of title may be quieted.—(7)

2. **Tax Deed—Effect as Evidence**—A tax deed is evidence only of those matters as to which it is declared by the statute to be so. The party relying thereon must show the assessed value of the land, and if that was five hundred dollars or over, that the notice required by the statute (sec. 3902a, 3 Mills' Stats.,

Laws 1905, ch. 131, sec. 5, Rev. Stats., sec. 5727), was given; whether the land was vacant or occupied; and if occupied that notice was given to the occupant, as well as to all other persons specified in the statute.—(7, 8)

*Appeal from Denver District Court*—Hon. PETER L. PALMER, Judge.

LAURA TILDEN RAY and Mr. E. E. SCHLOSSER, for appellant.

Mr. JOHN H. GABRIEL, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

In an action to quiet title to a certain lot in the city and county of Denver, plaintiff at the trial produced a witness who testified that he had collected the rents for the period of eight or nine years; that the plaintiff had been in the actual possession of the premises continually during the year 1904, prior to the bringing of the suit, and introduced a deed from E. G. Trowbridge conveying all his right, title and interest in the property to the plaintiff, and then rested his case.

The defendant, in support of the issue that he was the owner, and entitled to the possession, offered a treasurer's deed to the same premises. The court refused to admit the deed in evidence, and found the issues in favor of the plaintiff, ordered the treasurer's deed cancelled, and as a condition precedent to the entering of final judgment, required the plaintiff to pay into court for the use of defendant the sum of fifty-five dollars. From this judgment the defendant appealed.

The points discussed in the appellant's brief are, that:

1. "The motion for nonsuit should have been granted, because the plaintiff had failed to show that

he was the owner of the premises." An action to quiet title may be maintained by a person in possession, claiming ownership under color of title.

2. "That the treasurer's deed should not have been refused as evidence." The defendant having relied upon the treasurer's deed as a muniment of title, the burden was upon him to show a compliance with the law, except as to such matters as by the deed itself are made *prima facie* evidence by § 3902, 2 Mills' Ann. Stats. It therefore was incumbent upon him to show: (1) The assessed value of the property, and if five hundred dollars or over, that notice of the time of redemption had been given as required by the statute, § 3902a, 3 Mills' Ann. Stats. (2) Whether, at the time the notice was required to be given, the land was occupied or vacant, and if occupied that he had served notice upon the occupant or occupants, as well as upon the other persons described in the statute. The defendant failed to show that the assessed valuation was under five hundred dollars, and failed to show that the premises were vacant and unoccupied. The treasurer's deed, therefore, was not admissible.—*Richards v. Beggs*, 31 Colo. 106; *Treasurer T. W. & R. Co. v. Gregory*, 38 Colo. 212.

No prejudicial error appearing in the record, the judgment is affirmed.        *Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.