Presiding Judge Scott
delivered the opinion of the court.
This action is one to quiet title to the sw. % of • sec. 21, twp. 5 s., r. 52 w., in Washington county. The plaintiff alleged and proved title in himself derived by mesne conveyances from the government.
The defendant relied on three certain tax deeds based on as many sales of the premises for taxes. The conrt excluded each of these tax deeds as evidence for the reasons hereinafter suggested, and rendered judgment for the plaintiff.
The first deed is dated November 16th, 1901, and is based on a sale of 1898 for the taxes of 1897. The deed recites:
“And whereas, the treasurer of said county did on the 15th day of November, A. D. 1898, by virtue of the authority vested in him by law, at (an adjourned sale), the sale begun and publicly held on the 10th day of October, A. D. 1898, separately expose to public sale, at the office of the county treasurer in the county aforesaid, in substantial conformity with the requirements of the statute in such cases made and provided, the several parcels of real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid, respectively, on each of the said parcels of property as offered for sale as aforesaid; and whereas, at the time and place aforesaid, Arapahoe county, of the county of Arapahoe, and state of Colorado, having separately offered to pay the sum due on each of the said parcels, in all amounting to the sum of twenty dollars and fifty-three cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property for the whole of *488 each of said parcels of real property, viz.: (here follows description of property sold, same as above set forth as property taxed), which was the least quantity bid for, and payment of said sum having been made by it to the said treasurer, the said parcels of property were separately stricken off to it at that price. ’ ’
It will be seen from this that the tracts of land conveyed in this deed were struck off to the county on the first day they were exposed for sale and that they were not on the previous days of the sale offered or exposed for sale.
Under the uniform holdings of this court, - the deed was void on its face.
. .The second tax deed relied on by defendant was dated January 2d, 1907, and based on a sale of 1902 for the taxes of 1901. The sale was to one W. T. Lambert and was by the county treasurer of Arapahoe county. The deed was by the county treasurer of the City and County of Denver while at its date and for several years prior thereto, the lands conveyed were situated in the county of Washington.
It was not within the power or ¿uthority of the treasurer of the City and County of Denver to issue such tax deed. Such power lay exclusively with the county treasurer of Washington county. The deed was, therefore, and for this reason, void on its face.
Pollen v. Magna Charta M. & M. Co., 40 Colo., 89.
The third tax deed relied on was dated June 31st, 1907, and was by the county treasurer of Washington county.
Objection was made to the introduction of this deed for the reason that there was no proof that the *489 assessed valuation was less than $250.00, or that the notice required hy the statute was given.
The objection was sustained by the court and the deed excluded. It was said by Mr. Justice Steele in Mitchell v. Trowbridge, 47 Colo., 6:
“The defendant having relied upon the treasurer’s deed as a muniment of title, the burden was upon him to show a compliance with the law, except as to such matters as by the deed itself are made prima facie evidence by sec. 3902, 2 Mills. Ann. Stats. It, therefore, was incumbent upon him to show: (1) The assessed value of the property, and if five hundred dollars or over, that notice of the time of redemption had been given as required by the statute, sec. 3902a, 3 Mills’ Ann. Stats. (2) Whether at the time the notice was required to be given, the land was occupied or vacant, and if occupied that he had served notice upon the occupant or occupants, as well as upon the other persons described in the statute. The defendant failed to show that the assessed valuation was under five hundred dollars, and failed to show that the premises were vacant and unoccupied. The treasurer’s deed, therefore, was not admissible. Richards v. Beggs, 31 Colo., 106; Treasurer T. W. & R. Co. v. Gregory, 38 Colo., 212.”
No prejudicial error appearing in the record the judgment is affirmed.
All the judges concurring.