[No. 3432.]

### EMPIRE RANCH & CATTLE CO. v. LANGLEY.

1. TAX TITLES—*Deed Not Recorded.* Until recorded a tax deed does not purport to convey the title, nor does it even cloud the title of the original owner.

2. EVIDENCE—*Admission in Pleading.* The admission, in the reply, of the execution of a tax deed is no admission that it has been recorded.

Nor that it complies with the prerequisites prescribed by the statute.

A deed not offered in evidence will be considered as non-existent unless every essential attribute of the deed be admitted by the opposing party.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. ISAAC PELTON, for appellee.

CUNNINGHAM, Judge.

On November 13, 1907, Wilson F. Langley, appellee here, filed his complaint in the district court of Washing-

ton County to quiet his title to the southwest quarter (¼) of section thirty-five (35), township four (4) north, range fifty (50) west, Washington County. On the trial it was stipulated that the plaintiff's claim to the land in controversy is, and was at the time of the inception of this action, valid and perfect, unless the same had been divested by the tax deed—referring to the tax deed upon which appellant's claim of title is predicated. The Cattle Company answered, setting up five defenses. The first was a general denial. The second defense was based upon the tax deed involved. The third defense was what is known as the five year statute of limitations. The fourth defense pertains to the failure of the plaintiff to tender the taxes due on the land prior to the bringing of his action, or at all. The fifth defense seeks to defeat plaintiff's claim by pleading laches. The last two defenses we need not now consider, for the reason that they have been repeatedly ruled insufficient by our supreme court.

1. The tax deed relied upon by the defendant was not offered in evidence, but it is alleged in the answer, as the same appears in the original record, that this deed was dated November 14th, 1902, while in the printed abstract it is stated that the deed was issued November 23, 1902. We find no allegation in the answer that this deed was ever recorded. Under repeated rulings of our courts a tax deed does not vest in the purchaser *prima facie* title, and does not purport to convey title to real estate, nor does it cast a cloud upon the title of the real estate in said tax deed described until such tax deed is recorded. *Morris et al. v. Bank,* 17 Colo., 239; *Sayre v. Sage,* 47 Colo., 568; *Wason v. Major,* 10 Colo. App., 181.

The replication, by implication, at least, admits the issuing of the tax deed, but does not admit that it was recorded. Counsel for defendant contends that the issuing of the deed having been admitted by the plaintiff in

his replication, it was not necessary that the same be offered in evidence, and relies on the provisions of section 3902, Mills' Annotated Statutes, which section, under certain conditions, makes a tax deed *prima facie* evidence of title. By the provisions of the aforesaid section, before a tax deed shall become *prima facie* evidence of title, it must be made to appear that the deed was signed by the treasurer in his official capacity and attested by his official or private seal, and acknowledged by him before some officer authorized to take acknowledgments of deeds, and that it has been recorded. Before the holder of a tax deed can invoke the benefit of this statute, the duty rests upon him to produce the tax deed in court, to the end that it may be determined whether the prerequisites just referred to have been satisfied. It is difficult to perceive how a tax deed that has not been offered in evidence at all can be held to constitute *prima facie* evidence of title, unless every prerequisite necessary to constitute it such has been admitted by the opposing party. We find no such admissions in the replication, and the judgment of the trial court quieting title in the plaintiff must, under the stipulation of counsel above referred to, be sustained.

See No. 3425, *Empire R. & C. Co. v. Mason,* 22 Colo. App., 612.

*Judgment Affirmed.*

MORGAN, Judge, not participating.

Decided October 14, A. D. 1912. Rehearing denied November 11, A. D. 1912.