[No. 3620.]

SHEESLEY ET AL. V. VOORHEES.

1. TAX TITLES—*Tax Deed as Evidence.* A treasurer's deed is not evidence of title unless it affirmatively appears that every step prescribed by the statute was regularly taken.

A deed which fails to show that notice was given by the tax purchaser of his intention to apply for a deed, as required by the statute

(Rev. Stat., sec. 5727), and proof thereof made, or that the assessed valuation was such that notice was hot required, is not *prima facie* evidence of title, and is not admissible in evidence without proof of the notice, or that it was not required.

The setting forth of the deed in *haec verba* by the opposing party in his pleadings does not supply the defect of such preliminary proofs.

2. LIMITATIONS—*Five Years' Statute.* A tax deed does not set in motion the five years' statute of limitations (Rev. Stat., sec. 5733) where there is no recitation of notice given of the tax purchaser's intention to apply for his deed, or that the assessed valuation is such that notice is not required.

*Appeal from Weld District Court.* HON. JAMES E. GAR-
     RIGUES, Judge.

Mr. ISHAM R. HOWZE, for appellants.

Mr. JOHN F. MAIL, for appellee.

KING, J., delivered the opinion of the court.

*On petition for rehearing:*

Plaintiff in this action brought her suit in the nature of ejectment (under Section 266, Civil Code) to recover possession of certain real estate, alleging her title and right of possession, and that defendants wrongfully withheld said premises from the plaintiff, and exercised acts of ownership on and over the same. For answer to this complaint defendants denied plaintiff's title and right of possession, and alleged that they were the owners in fee simple, in possession and entitled to possession of said premises. They also made cross-complaint in which they alleged their ownership in fee and possession of the land described in the complaint; that plaintiff claims some interest therein adverse to the defendants, which was without foundation or right, and asked that plaintiff be required to set out the nature of her title or claim and that the same be adjudged invalid, and that defendants' title be quieted. To this cross-complaint plaintiff an-

swered, denying defendants' ownership and possession, and alleged that she claimed said land and was the owner thereof in fee simple by mesne conveyances under a treasurer's deed executed, acknowledged and recorded, giving the date of execution, the date of record and the book and page in which said deed was recorded, and pleaded the short statute of limitations, to-wit, Mills' Ann. Stats., sec. 3904, Rev. Stats. '08, sec. 5733, as a bar to defendants' cross-complaint. To this answer of plaintiff to their cross-complaint defendants filed replication in which they denied each and every allegation set forth in said answer, and alleged on information and belief that the pretended treasurer's deed referred to in plaintiff's answer was in certain words and figures set forth in full in said replication, including the acknowledgment and date of its record, but giving no book in or page at which the same was recorded; alleged that said deed was void on its face and for divers reasons specifically set forth but not appearing upon the face thereof. Judgment was rendered for plaintiff, and defendants appealed.

1. The case was first and separately tried as an equity case upon defendants' cross-complaint to quiet title, at which time the court granted non-suit as to defendants' cause of action set forth in their cross-complaint, holding that the tax deed set out in defendants' replication was fair on its face, and therefore said five-year statute of limitations barred defendants from introducing evidence to establish the invalidity of the deed for matters not appearing upon its face. Thereafter the cause came on for trial before another judge upon plaintiff's cause of action in ejectment. As the only proof of her title plaintiff offered in evidence a quit-claim deed from Mary E. Grosvenor and two others as sole heirs of Margaret G. Palmer, to Edgar P. Long; quit-claim deed from Edgar P. Long to plaintiff, both said deeds conveying the lands herein in litigation; a court order reciting

the death of said Margaret G. Palmer and settlement of her estate, and that the said Mary E. Grosvenor and the two others named in the quit-claim deed were her sole heirs. It was admitted in the pleadings that M. G. Palmer was the grantee named in the treasurer's tax deed. The tax deed relied on to prove plaintiff's title was not offered in evidence. By agreement of counsel it was stipulated that the title to the land in controversy emanated from the United States, and was thereafter conveyed to the defendants, and so stood at the time of the beginning of this action.

2. Appellants contend that by reason of the failure of appellee to offer the tax deed in evidence, and support it by proof of compliance with certain statutory requisites to its validity, she wholly failed to establish *prima facie* title; while appellee contends that the defendants, by setting out the tax deed *ipsissimis verbis* in their reply, obviated the necessity on the part of plaintiff, not only of offering the deed in evidence in support of her title, but also of the offer of any proof with regard thereto. We think, under the facts of this case and the form of the deed pleaded by defendants, plaintiff's contention cannot be sustained. Before a tax deed can become *prima facie* evidence of title in the courts of this state it must affirmatively appear by the recitals of the deed that every preliminary step to divest the title of the patent owner was regularly taken as prescribed by law.—*Charlton v. Toomey,* 7 Colo. App., 304, 43 Pac., 454; *Empire Co. v. Howell,* 23 Colo. App., 265, 268, 129 Pac., 245. If this rule be adhered to it necessarily follows that this deed, which fails to recite compliance with the provisions of the statute making it obligatory to give notice of intention to take out the deed, and make due proof thereof, as a condition precedent to the power of the treasurer to execute it, or that the assessed valuation of the land was such that notice was not required, is not even *prima facie* evi-

dence of title in the holder, and is not admissible in his behalf without proof of such preliminary step or the condition which makes it unnecessary. Neither the copy of the deed pleaded by defendants for the purpose of showing its invalidity on its face, or *aliunde*, nor any allegation with regard thereto, contained or constituted an admission of compliance with this jurisdictional prerequisite to the power of the treasurer to execute the deed, without which defendants' title could not be divested. And even though the deed be conceded to be fair on its face so as to make it (by virtue of the statute if otherwise admissible) *prima facie* evidence of facts occurring before or at the time of the sale, which we do not decide, nevertheless, it constituted no evidence of the acts which the cash purchaser is required to perform, or the treasurer for him, after the sale and before a deed can be lawfully executed.—*Carnahan v. Sieber Cattle Co.*, 34 Colo., 257, 261, 82 Pac., 592; *Richards v. Beggs*, 31 Colo., 186, 72 Pac., 1077; *Treasury T. M. & R. Co. v. Gregory*, 38 Colo., 212, 88 Pac., 445; *Mitchell v. Trowbridge*, 47 Colo., 6, 8, 105 Pac., 878. This requirement is jurisdictional.—*Crisman v. Johnson*, 23 Colo., 264, 47 Pac., 297, 58 Am. St., 224; *Knox v. Cleveland*, 13 Wis., 245, 255; *Slyfield v. Healy*, 32 Fed., 2. In *Empire Ranch & Cattle Co. v. Langley*, 23 Colo. App., 49, 127 Pac., 451, this court, speaking through Cunningham, J., said: "It is difficult to perceive how a tax deed that has not been offered in evidence at all can be held to constitute *prima facie* evidence of title, unless every prerequisite necessary to constitute it such has been admitted by the opposing party." It is equally difficult to perceive how a defendant who has set out a tax deed *in haec verba* under the claim that it is the deed relied on by the plaintiff as source of title, and for the sole purpose of attacking it, can be held to have admitted its validity or sufficiency to any extent beyond its *prima facie* showing and the

admissions actually made in the pleadings, or to waive
the necessity for proof by plaintiff who seeks to use it
as a muniment of title, of any unadmitted act the execu-
tion of which is a prerequisite to the validity of the deed
or its competency as evidence. Because of the absence
of allegations, admissions or proof of the notice of inten-
tion to take out the treasurer's deed, or of conditions
which made the notice unnecessary, we think the plaintiff
failed to establish *prima facie* title, and for that reason
the judgment cannot be affirmed.

Appellants also contend that the deed, if regarded as
offered in evidence, is void on its face, and therefore not
sufficient to support the plaintiff's plea of the short
statute of limitations. While plaintiff contends that, by
this deed, defendants' title derived from the government
was extinguished after five years and before the com-
mencement of this action, and relies on decisions of the
supreme court in *Williams v. Conroy,* 35 Colo., 117, 83
Pac., 959; *Wood v. McCombe,* 37 Colo., 174, 86 Pac., 319,
119 Am. St., 269; *Halbouer v. Cuenin,* 45 Colo., 507, 101
Pac., 763. We think those cases are not decisive of the
instant case in favor of the plaintiff under the facts here
shown. In *Williams v. Conroy* it was admitted by both
the plaintiff and the defendant that the tax deeds relied
upon were regular and fair on their face in all respects;
and in neither of the three cases was the question raised
or considered that it was not shown by the recitals of the
deed, or by evidence *aliunde,* that due notice of intention
to take out the deed had not been given, or that the
assessed valuation of the land was such as to make it
unnecessary. Although the first statute, requiring notice
as a condition precedent to the taking out of a tax deed
in case the assessed valuation exceeded a certain sum, was
in effect at the time the decisions in said three cases were
rendered, it is shown by the record in each case that the
tax deed there under consideration was executed and

recorded prior to the taking effect of such statute, and for that reason said statutory provision neither had nor could have any bearing, and neither of said cases is in point upon the question here under consideration.

If it be conceded that the tax deed was not void on its face because of any affirmative allegations showing a failure to comply with the statutory prerequisites, nevertheless, for its failure to recite the jurisdictional requirement which goes to the power of the treasurer to issue the deed, it was not *prima facie* evidence of title, and could not set the short statute of limitations in operation.—Black on Tax Titles, sec. 498; *Knox v. Cleveland, supra.* If not held to be void, it must be held to be insufficient for lack of essential proof. The petition for rehearing is denied. But on account of modifications incorporated herein which are deemed justifiable and appropriate under the law and the facts of this case, the former opinion will be withdrawn. The judgment of the trial court is reversed and the cause remanded.