## No. 11,791.

### KINGORE v. WALLACE, ET AL.

Decided March 25, 1929.

Mr. M. H. Kennedy, Mr. J. W. Graham, for plaintiff in error.

Mr. William H. Andrew, for defendants in error.

*Department Two.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and for convenience we so refer to them. Plaintiff brought this action in the county court, under section 275, chapter XXII (Civil Code) p. 155, C. L. 1921, to quiet title to two lots, and had judgment. Defendants appealed to the district court and were successful there. To review that judgment plaintiff prosecutes this writ.

The complaint alleges that plaintiff is the owner and in possession of the lots therein described, situated in Arapahoe county, Colorado, and that defendants claim an interest therein, but have none. The prayer asks that they be required to set forth their claim, that it be held invalid, and that plaintiff's title be quieted. The answer denies plaintiff's title and possession, alleges that defendants are the owners in fee, through mesne conveyances from the United States, and asserts their possession and right of possession. It further alleges, on information and belief, that plaintiff's so-called title rests upon a void tax deed dated September 21, 1910, and based on a sale for the taxes of 1906. A purported copy of that tax deed is attached to the answer. The replication admits that the basis of plaintiff's title is the tax deed in question, points out an omission in said copy, pleads the five year statute of limitations (§ 7429, p. 1902, C. L. 1921) and otherwise denies the answer.

Since it has been repeatedly decided that said section 7429 is not applicable in an action of this kind the sole issues were the validity of plaintiff's tax deed and his possession thereunder. *Munson v. Marks,* 52 Colo. 553,

559, 124 Pac. 187; *Empire Ranch & Cattle Co. v. Mason,* 22 Colo. App. 612, 617, 126 Pac. 1129; *Scott v. Watkins,* 61 Colo. 244, 157 Pac. 3.

Plaintiff utterly failed to establish possession. The most that could possibly be claimed for his evidence was proof of vacancy. He had made no such plea. His tax deed, which he offered in evidence, is void on its face for several reasons, but one of which we notice. It recites a purchase "on the 20th day of November, A. D. 1907 * * * at the sale begun and publicly held on the 20th day of November, 1907." The statute, section 7410, C. L. 1921, provides that the sale "shall commence on or before the second Monday in November." The second Monday in November, 1907, was November 11. This sale was therefore held nine days late and, for aught that appears in this record, was void, and the deed under it, containing no explanation of that fact, was void. *Hamer v. Glenn Investment Co.,* 75 Colo. 423, 226 Pac. 299; *Chase v. Bogardus,* 78 Colo. 573, 243 Pac. 546.

At the close of plaintiff's evidence defendants moved for a nonsuit and that motion was denied. It should have been granted. When plaintiff "in his case in chief, conclusively established that he had no shred of title and was out of possession, his interest in the action ceased and he has no possible concern with defendants' claims." *MacKay v. Silliman,* 84 Colo. 220, 269 Pac. 901.

It is unnecessary to notice other questions raised or give other reasons why plaintiff has no title. While he has thus met with a purely technical defeat, it must be remembered that he came here with a purely technical claim. We have rarely seen a tax title more naked of merit. Defendants held a fee under mesne conveyances from the United States. The tax was a mere pittance. The owner had remitted the amount to the county treasurer. She was however indebted to him in the sum of $1.50. He deducted this amount from the remittance and returned her an unsigned tax receipt with appropriate pencil notations. Failing to observe these she assumed

that her taxes were paid, and so believed until this suit was brought. During that period defendants remained in possession and paid all taxes. Such are the facts found by the court from the evidence which established them beyond question. Thus for sixteen years plaintiff remained silent and inactive and defendants reposed in unsuspecting security. Such claims do not meet with favor in the courts. It is the glory of the law that she does not permit justice to be routed for want of a weapon. If he who attacks her with a technicality does not encounter one equally effective it is because his adversary lacks the learning to find it or the skill to use it.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.