## No. 13,403.

### Richardson v. Halbekann.
(48 P. [2d] 1014)

Decided April 15, 1935. Rehearing denied May 6, 1935.

Mr. W. Richard Means, Mr. Albert S. Isbill, for plaintiff in error.

Mr. Royal R. Irwin, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This action by plaintiff Halbekann seeks a decree quieting title in him as against the defendant Richardson to certain Denver city lots. In his opening brief defendant Richardson says that the controlling question for decision is the alleged erroneous admission by the trial court of a certain tax deed offered by the plaintiff Halbekann. Richardson further says if his objection thereto is good, the judgment must be reversed; if not good, it should be affirmed. In view of this statement of plaintiff in error we confine our discussion solely to the one question of the admissibility of the tax deed.

At the trial below defendant Richardson objected to its introduction unless it was first shown—and it was not so shown as he says—that there had been full compliance with section 7423, C. L. 1921. This section, among other things, provides, what is pertinent here, that before a purchaser at a tax sale shall be entitled to a deed for the lands on which the tax is levied, if, as here, the assessed value of the property is over $100, he shall make request of the county treasurer therefor. And as a condition precedent the purchaser shall also, at that time, pay to the treasurer the necessary fees for cost of notice, etc., with the further provision that there shall be notice given and served, and return duly made thereunder in compliance with the statute above cited. It further appears that Halbekann, plaintiff, rested his case without proof of compliance with the specific requirements of said section 7423.

In the view we take of this controversy, it is not necessary to reproduce the contents of section 7423. It is sufficient merely to say that it specifies what steps the county treasurer shall take when requested by a purchaser of land at a tax sale to issue a tax deed. There was no testimony for the holder of the tax title in this case that compliance was made by him with all the dif-

ferent steps he is required to take under the provisions of the section. The only specific objection of Richardson at the trial below was that there was a failure of notice required by section 7423, C. L. 1921, because the assessed value of the property in question exceeded $100, in which case there were certain requirements of section 7423 that were not complied with. The tax deed of the purchaser in this case recites in general terms that all the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with and are now of record and filed in the office of the manager of revenue, ex officio treasurer of said City and County of Denver.

While this case was pending in the district court and before final judgment therein was rendered, our Supreme Court decided the case of *Denver v. Bach,* 92 Colo. 594, 22 P. (2d) 1114. Before judgment in the case now under consideration was rendered by the district court it was aware of the pendency of the Bach case in the Supreme Court and withheld decision in this, the Richardson case, until the opinion in the Bach case was handed down since it was considered by both parties that the case now before us would be governed by the decision in the Bach case.

█ █ After decision in the Bach case was handed down the district court in the pending Richardson case held that the Bach case was decisive of this Richardson case and rendered judgment accordingly in favor of the plaintiff Halbekann. We entertain no doubt whatever that the Bach case, if adhered to, as we think it should be, requires affirmance of the judgment in this case now under review. The record before us clearly discloses that counsel for both parties in the pending case so considered, as did the district court. The syllabus in the Bach case, which the opinion justifies, reads: "At common law a tax deed was not admissible in evidence unless accompanied by proof that all the requirements of law had been complied with by the proper officer, but this

rule has been abrogated by statute in Colorado." The opinion in the Bach case at page 596 quotes with approval the following: "But by statute in this state the tax deed is made prima facie evidence of the regularity of these prerequisites * * *. The burden of proof concerning these things is simply shifted to the attacking party."

Approving as we do the decision in the Bach case, it follows that the judgment herein should be, and it is, affirmed.

Mr. Chief Justice Butler concurs specially.

Mr. Justice Burke, Mr. Justice Hilliard and Mr. Justice Young dissent.

Mr. Chief Justice Butler, concurring.

The court's opinion seems to me to be sound and in harmony with modern judicial thought. There was a time when, notwithstanding the recitals in a tax deed showing compliance with the law, one claiming under the deed was required to present independent proof of the performance of all the conditions precedent to the issuance of the deed. That fact, coupled with the strict requirements of the law as pronounced by courts, made it so difficult to sustain tax titles as to discourage bidders at tax sales, and this was so detrimental to the public interest that legislatures and courts alike began to throw greater protection around purchasers at tax sales. Acts were passed to mitigate the hardships. Some provide that the recitals in tax deeds shall be prima facie evidence of the facts recited; others, that tax deeds shall be prima facie evidence of the regularity of the tax sale and of the validity of the deed; others, as in Colorado (C. L. §7426), that the deed shall be prima facie evidence of certain specified facts. See 26 R. C. L., p. 422; *Lebanon Mining Co. v. Rogers*, 8 Colo. 34, 5 Pac. 661.

Section 7426, supra, does not make the deed prima facie evidence of a compliance with section 7423, Compiled

Laws, concerning the giving of notice upon application for a tax deed where the assessed valuation of the property is $100 or more. In *Richards v. Beggs,* 31 Colo. 186, 72 Pac. 1077, it was held that a tax deed is not prima facie evidence of the service of notice as required by section 7423, supra; and that case was followed in *Treasury Tunnel M. & R. Co. v. Gregory,* 38 Colo. 212, 88 Pac. 445. In each of those cases the deed was issued prior to 1902. In that year an act was passed (S. L. 1902, c. 3), which for the first time required (§181) the following recital to be inserted in tax deeds: ''And, whereas, all of the provisions of the statutes prescribing prerequisites [to] obtaining tax deeds have been fully complied with, and are now of record, and filed in the office of the county treasurer of said county.''

The cases cited above were decided under a statute that contained no such provision, and the deeds contained no such recital. The same is true of *Sheesley v. Voorhees,* 24 Colo. App. 428, 134 Pac. 1008; the deed involved in that case was issued in 1899. *Mitchell v. Trowbridge,* 47 Colo. 6, 105 Pac. 878, and *Vandermeulen v. Burwell,* 22 Colo. App. 486, 125 Pac. 131, were decided in reliance upon *Richards v. Beggs, supra,* and *Treasury Tunnel M. & R. Co. v. Gregory, supra.* In the Mitchell case, our attention was not called to the provision of the act of 1902 quoted above, which is the same, in substance, as section 7425, Compiled Laws, and we did not consider the effect of that provision. In the Vandermeulen case that provision was not presented by the briefs or considered by the Court of Appeals. That provision must be given some effect, of course. If it was not intended to show a compliance with the conditions precedent to issuance of the deed, including the giving by the county treasurer of the notice required by section 7423, supra, and to be prima facie evidence thereof, what purpose was it intended to accomplish? It is not to be presumed that the General Assembly did a futile thing when it required that recital to appear in tax deeds—that it was indulg-

ing in a mere idle gesture. On the contrary, we may fairly assume that the General Assembly had in mind the provisions of section 7423, supra, making it the duty of the *county treasurer* (not of the purchaser or some other third person) to serve the notice or cause it to be served, and to "make and carefully preserve among the files of his office a record of all things done in compliance with this section and shall certify to a compliance with the provisions of this section," and intended that the statutory recital in the deed that "all of the provisions of the statute prescribing prerequisites to obtaining tax deeds have been fully complied with and are now of record and filed in the office of the county treasurer" should be given effect.

We have given to recitals in tax deeds the effect of prima facie evidence of the facts recited. Section 7410, Compiled Laws, requires tax sales to be commenced on or before the second Monday in November of each year. Section 7411 provides that if, from any cause, property cannot be advertised and offered for sale at that time, the treasurer shall sell on a subsequent day. Where the deed shows on its face that the sale was held on a day subsequent to that designated by section 7410, without a recital of any cause for the delay such as would authorize, under section 7411, a sale on the subsequent day, it might with considerable plausibility be said that the deed shows on its face the falsity of, and therefore overcomes, the recital that all the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with, and also deprives the deed of its character of prima facie evidence that the sale was conducted in the manner required by law. But it is otherwise where the deed contains a recital of sufficient cause for the delay. In the following cases we held, by clear implication if not expressly, that a recital in the tax deed of reasons why the property could not be offered for sale at the time specified in section 7410, supra, is prima facie evidence of the reasons stated: *Hamer v.*

*Glenn Investment Co.,* 75 Colo. 423, 226 Pac. 299; *Kingore v. Wallace,* 85 Colo. 381, 276 Pac. 332; *Ireland v. Gunnison Mountain Coal & Coke Co.,* 87 Colo. 193, 286 Pac. 280; *Chase v. Bogardus,* 78 Colo. 573, 243 Pac. 546; *Denver v. Bullock,* 80 Colo. 9, 249 Pac. 498; *Wenig v. Lyons,* 81 Colo. 6, 252 Pac. 889; *Denver v. Murry,* 82 Colo. 128, 257 Pac. 359. And in *Denver v. Bach,* 92 Colo. 594, 22 P. (2d) 1114, we expressly held as follows (quoting from the syllabus) : ''A tax deed reciting a sale later than the date fixed by statute, but reciting good cause for the delay, shows a sale authorized by statute; such a deed is not void on its face, but is prima facie valid, and sufficient to cast upon one attacking it the burden of showing its invalidity.'' We said: ''Here, the recital of the date of sale is accompanied by a showing of good cause for the delay—the poison is accompanied by the antidote. The recital giving the date of the sale and the recital of the cause for the delay must be taken together. They are inseparable. Both are necessary to a correct understanding of the situation, and both should be given effect.'' If a recital in a tax deed, not required by statute to be inserted therein, is prima facie evidence of the fact recited, a recital required by statute to be inserted in the tax deed certainly should have that effect.

Again, the form of the deed prescribed by section 7425, supra, contains a recital that subsequent taxes were paid. Section 7426, supra, does not make the deed prima facie evidence of that fact, but clearly that statutory recital must be given some effect. Its obvious purpose is to show that the taxes subsequent to the tax sale have been paid. That means, I take it, that the statutory recital is prima facie evidence of such payment. If it does not have that effect, pray what effect does it have?

The same remarks apply to the statutory recital in the deed that the property has not been redeemed from tax sale.

In my opinion, the fact that the recital is in the form of a conclusion, instead of a statement of the facts upon

which the conclusion is based, does not make it any the less prima facie evidence. The authorities are not in harmony, but the rule applied in this case has substantial support in the decisions and strong support in reason. Moreover—and this should settle the question—the recital in the deed is in the exact words prescribed by the statute.

I conclude that, in the circumstances, the plaintiff in error had the burden of proving that the statutory notice was not given. That conclusion is arrived at without the aid of the presumption of regularity which, as we have held many times, attends the acts of public officers, but which, for reasons that do not appeal to me as altogether satisfactory, is not indulged in favor of tax sales.

I concur in the decision and in the opinion supporting it. Mr. Justice Bouck and Mr. Justice Holland concur in the views expressed herein.

Mr. Justice Young, dissenting.

From the opinion of the court and from the specially concurring opinion of Mr. Chief Justice Butler, I respectfully dissent.

In an early case, *Lebanon Mining Co. v. Rogers,* 8 Colo. 34, 5 Pac. 661, this court used the following language: "A tax title differs in some respects from that obtained through patent by ordinary conveyance. The deed, when offered as evidence, is not governed by the same rules. At common law the regularity of the ministerial acts preceding the tax deed, and upon which it rests, is not presumed; in the absence of statute a tax deed is not admissible in evidence except it be accompanied by proof 'that all the requirements of the law have been complied with by the agents of the government.' Blackwell on Tax Titles (4th ed.), 80. But by statute in this state the tax deed is made prima facie evidence of the regularity of these prerequisites; also that the property described therein was subject to taxation. The burden of proof concerning these things is simply shifted to the

attacking party. General Statutes, sec. 2932. [C. L. '21, §7426.]''

Section 7426, Compiled Laws of 1921, so far as material to this case is as follows: ''The deed * * * shall be prima facie evidence in all courts of this state in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts:

''First—That the real property conveyed was subject to taxation for the year or years stated in the deed.

''Second—That the taxes were not paid at any time before the sale.

''Third—That the real property conveyed had not been redeemed from the sale at the date of the deed.

''Fourth—That the property had been listed and assessed at the time and in the manner required by law.

''Fifth—That the taxes were levied according to law.

''Sixth—That the property was advertised for sale in the manner and for the length of time required by law.

''Seventh—That the property was sold for taxes as stated in the deed.

''Eighth—That the grantee named in the deed was the purchaser or the heir at law, or the assignee of such purchaser.

''Ninth—That the sale was conducted in the manner required by law.''

Section 7423, C. L. 1921, enacted in 1905, (amending a similar section passed in 1902 as a part of a general revenue act) provides that before any purchaser or assignee of such purchaser of any land, at any sale for taxes, shall be entitled to a deed for the land so purchased, he shall make a request of the county treasurer who shall then comply with certain requirements in the way of serving, mailing and publishing notices. It is further provided that the treasurer shall make and preserve among the files of his office a record of all the things done in compliance with this section of the stat-

7—A

ute, and that he shall certify to a compliance with its provisions.

The form of tax deed in use prior to 1902 is set out in section 2332 of the General Laws of Colorado. The form of deed required by the revenue act of 1902 and such act as amended in 1905, appears as section 7425, C. L. 1921, and contains the following provision: "And, whereas, all the provisions of the statutes prescribing prerequisites to obtaining tax deeds have been fully complied with, and are now of record, and filed in the office of the county treasurer of said county; * * *" This provision did not appear in the statutory form of tax deed prior to the 1902 enactment of the revenue laws.

The sole question in this case is whether or not the writing of this additional provision into the statutory form of deed in the same act which contained a reenactment of a statute that had been for twenty-five years in existence, namely, section 7426, C. L. 1921, makes a tax deed prima facie evidence of all statutory prerequisites to its issuance, including those that are not, as well as those that are, mentioned in said section 7426, supra. If the holding of the majority of the court is correct, the requirement that the foregoing additional provision be inserted in the deed was equivalent to the legislature saying specifically that in addition to the nine requirements that we have above set forth, of which the deed is prima facie evidence, such deed shall be prima facie evidence of all of the prerequisites required by statute to make it a valid deed, provided it contains the statutory provision of a tax deed above quoted.

To say that the legislature so intended is to hold that it expressly repealed the act by which it adopted the common law of England, so far as the same is applicable and of a general nature and as it existed in the year 1607 (§6516 C. L. 1921) as to the nine facts of which the deed is made prima facie evidence; and by implication repealed it, and made the tax deed prima facie evidence of all other statutory requirements, of which the deed was

not evidence at common law. Repeals by implication, we have held, are not favored and statutes in derogation of the common law are to be strictly construed.

In my opinion there is more reason to apply this latter rule of construction in the instant case, where the provision relied upon is in the same act, for we may assume the legislature had under consideration a complete revenue act and by its reenactment of an old statute considered again the matters that were contained therein, and again specifically determined the facts of which the deed should be prima facie evidence. If it had intended that the deed should be prima facie evidence of all pre-requisites to its issuance, it seems reasonable to believe that it would have specifically so provided.

There is good reason for making a distinction between the nine provisions set forth in section 7426, supra, and other prerequisites for the issuance of a deed, for the nine facts of which it is made prima facie evidence all become facts before the purchaser or his assignee has any interest in, or control over, the procedure for divesting the record owner of his title and investing it in such purchaser or his assignee. But when the purchaser or his assignee comes to the matter of procuring a deed he then knows the land involved; he has a personal and financial interest in procuring title for himself, and it is not imposing an unreasonable burden upon him to require proof in court of what he did and procured to be done in order to divest the owner's title and invest it in himself. May it not well be that the legislature, having in mind the financial interest of the party seeking to procure a deed for himself, provided that the evidence of what was done by him and by his procurement should be preserved in the interest of the owner of the land as an additional check on the testimony of the purchaser rather than that it might constitute prima facie proof against the owner of the land? Since courts always require the repayment to a purchaser or his assignee of any money, with interest, advanced on the expectation

of procuring title as a condition to the setting aside a tax deed; and since the amount paid by a purchaser or his assignee is usually greatly disproportionate to the value of the property, there is no claim on equitable grounds that calls for a liberal construction of the statute that will effect a repeal by implication of the act adopting the common law as the law of this state, relating to the facts of which a tax deed shall be prima facie proof.

To give the foregoing provision in the deed the effect given it in the opinion of the court is to make it unnecessary to set forth in the instrument any of the facts required to be stated in the statutory form. For example, the reason that the sale was not held on the date fixed by statute need not be stated, for there is a presumption of regularity and that the officer did his duty; the recital in the deed that there was a compliance with all prerequisites is broad enough to cover this. Yet this court has repeatedly held that a deed showing the sale was held at a time other than the date fixed by statute, with no reason stated therefor, is void on its face. *Kingore v. Wallace,* 85 Colo. 381, 276 Pac. 332; *Chase v. Bogardus,* 78 Colo. 573, 243 Pac. 546; *Hamer v. Glenn Investment Co.,* 75 Colo. 423, 226 Pac. 299. The conclusion of the treasurer as to what the law requires shall be done should not, as I believe, be given an effect—under the theory that there is a presumption that an officer does his duty—that extends the provisions of the statute making a deed prima facie evidence of nine specified facts, so that it becomes prima facie evidence of all facts prerequisite to its validity, thereby repealing by implication and to that extent the statute adopting the common law.

Whether there has been a compliance with the provisions of a statute is a conclusion of law. That a record of what was done has been made and filed in the office of the treasurer is a fact to which the treasurer can certify. By section 7423, C. L. 1921, the treasurer is required to preserve such record in his files and this is

sufficient reason for requiring the statement to appear in the deed.

The case of *Denver v. Bach,* 92 Colo. 594, 22 P. (2d) 1114, is cited in the court's opinion as determinative of the issue in this case. It will be observed by a careful reading of this authority that the matter there under consideration was one arising prior to the tax sale and the court in its opinion specifically holds that the case is within the 7th and the 9th provisions of section 7426, supra. That the act was within the express exceptions logically can and should be the construction to be placed on the Bach case. The case of *Vandermeulen v. Burwell,* 22 Colo. App. 486, 125 Pac. 131, involved a tax deed, dated June 21, 1907. Specific objection was made to the introduction of the deed "for the reason that there was no proof that the assessed valuation was less than $250.00 or that the notice required by the statute was given." The objection was sustained and the deed excluded. The Court of Appeals upheld the ruling, citing as authority therefor, *Mitchell v. Trowbridge,* 47 Colo. 6, 105 Pac. 878. This construction by the Court of Appeals in the Mitchell case has been accepted by the bench and bar as the law of the state for more than a quarter of a century and such acceptance and understanding being consistent with sound reasoning, the supporting cases, I believe, ought not now be overruled. In my judgment the effect of the majority opinion is to overrule them.

In my opinion the provision added to the deed by the amended 1902 act is not so repugnant to the common-law rule, that all prerequisites to the issuance of a deed shall be proved except as the same is specifically modified by section 7426, supra, that both the provision in the deed and the requirements of the common law cannot stand. If both can be given effect it is our duty to so construe them.

MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur in this dissenting opinion.