No. 13,885.

WALTER *v.* HARRISON.
(70 P. [2d] 335)

Decided May 24, 1937.   Rehearing denied July 6, 1937.

Messrs. HAWKINS & HAWKINS, Mr. JOHN R. WOLFF, for plaintiff in error.

Mr. FRANK L. MOORHEAD, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS action was brought by the defendant in error as plaintiff below against Lucius F. Hallett and others to quiet title to certain lode mining claims situate in Boulder county. Soon after the commencement of the suit Mr. Hallett deeded his interest in the mining claims to Joseph H. Walter, the plaintiff in error, who then, upon his own motion, was substituted for Mr. Hallett as party defendant in the case below. We shall refer to the parties as they appeared in the district court. Judgment was rendered there in favor of the plaintiff quieting title in him to the premises in dispute.

Plaintiff's title is grounded upon a treasurer's

deed based on a tax sale certificate for 1928 taxes. Application was made and the tax deed issued in the year 1933. It is undisputed that in 1933, at least until after the deed was issued, the property was vacant and unoccupied and that the fee title then and for many years previous reposed in Lucius F. Hallett. The tax deed is conceded to be valid on its face and is, therefore, under the authority of *Richardson v. Halbekann,* 97 Colo. 175, 48 P. (2d) 1014, and *Denver v. Bach,* 92 Colo. 594, 22 P. (2d) 1114, prima facie evidence of the regularity of all of the prerequisites necessary to its execution and delivery. The plaintiff, however, did not rely upon the deed alone, but offered evidence intended to show compliance by the treasurer with the statutory jurisdictional prerequisites of section 7423, C. L. 1921, as amended by section 1, Session Laws of 1931, chapter 141, page 700. The defendant likewise offered evidence to substantiate his contentions.

The principal attack on the validity of the deed is based upon the alleged failure of the county treasurer to comply with the statutory requirements in not making diligent inquiry to ascertain the address of Lucius F. Hallett, in order that copy of the published notice of the application could be sent to him by mail. The duty of the treasurer in this respect, as required by amended section 7423, supra, where application has been made for tax deed and the property is vacant and unoccupied, is as follows: "If no person is in actual possession or occupancy of such land, or lot, or the residence of the person in whose name the same was taxed or specially assessed, and the residence of none of the persons having interests or title of record in or to the premises, can, upon diligent inquiry, be learned, then the treasurer shall publish such notice in some newspaper in such county * * *; and shall send by mail, postage prepaid, a copy of such notice to each of such persons not found to be served, whose address is known or can be learned upon diligent inquiry." The record shows that the treasurer mailed,

postage prepaid, a copy of the published notice of tax sale by registered mail to Lucius F. Hallett, Ward, Colorado. This letter was later returned unclaimed and was produced with other records of the treasurer at the trial.

The uncontradicted evidence discloses that the 1932 tax roll prepared by the county assessor, the current roll in the office of the treasurer in 1933 when application for deed was made, designated Lucius F. Hallett as the owner with ''C. J. Walter Est.'' above the words ''Ward, Colo.'' in the address column. The evidence further discloses that after receipt of plaintiff's application for deed the treasurer requested from, and was furnished by, the Boulder County Abstract Company a certificate naming the persons having any interest or title of record in the property. This certificate showed the owner of the property to be ''Lucius F. Hallett (owner), Ward, Colorado.'' The deputy county treasurer on cross-examination by defendant, testified that in sending a copy of the published notice, as stated, he relied upon the address shown on the 1932 tax records and in the certificate of the abstract company and made no further inquiry. He explained that it was the practice in Boulder county to insert on the tax roll in the address column to the right of the owner's column and above the address of the owner the name of the party buying the property under contract at which place the words ''C. J. Walter Est.'' appeared here, which likely accounted for the omission of the last quoted words on the address indorsed on the envelope containing the notice. The defendant in this connection argues that with a minimum of inquiry the treasurer could have ascertained the correct address of Mr. Hallett, who is the son of a former federal judge in this state, and who at one time served upon the school board in the City and County of Denver where he lived and had thus attained prominence throughout the state. The defendant admitted that Mr. Hallett left Denver prior to 1928 but testified that in 1934 he obtained Mr. Hallett's address by searching the 1933 Denver telephone

directory, and it is intimated that the Boulder county treasurer could thus have ascertained Mr. Hallett's address. The defendant, of course, points out that the address used by the treasurer in sending the notice to Ward, Colorado, omitted reference to the C. J. Walter Estate, and claims that if the envelope had been so directed Mr. Hallett would have received it. If the fact of Mr. Hallett's prominence has any bearing upon the measure of the treasurer's duty, we are inclined to agree with the conclusion of the trial court to the effect that the very evidence of his prominence would indicate that if he could be reached by addressing him at Ward in care of the Walter Estate, he could be reached also by addressing him personally at Ward, which is a very small community.

The statute, section 7423, as amended, supra, requires the sending of the published notice to such persons "whose address *is known* or can be learned upon diligent inquiry." It is the duty of the county assessor to prepare the tax rolls and give the names and addresses of the owners of property thereon (§7374, C. L. 1921), and it would seem that the treasurer is entitled to rely on their being accurate. Under the circumstances here we believe the treasurer was justified in assuming that the address used was a "known address" and that he was not required to make further inquiry to ascertain where Mr. Hallett could be reached by mail. The cases from other states principally relied upon by the defendant in connection with this question, arise under statutes requiring the holder of the tax sale certificate or some public officer other than the treasurer to serve process upon the owner of the premises or the person in possession, and are based upon the peculiar requirements of the respective statutes involved and are not controlling in this case. The provisions of our statute making a tax deed prima facie evidence of the regularity of the prerequisites necessary to its execution and the effect given in Colorado to the recitals made by the county treasurer,

as is pointed out by Mr. Justice Butler in his specially concurring opinion in *Richardson v. Halbekann, supra,* at page 180, creates an essentially different situation than exists in those states having statutes requiring the purchaser or some other third person to serve or cause to be served the required notice preceding the issuance of the tax deed.

As a further ground for having the tax deed declared void, the defendant here asserts on oral argument that the affidavit of publication of notice of the application for the tax deed was not sworn to as required by our statutes. No objection on this ground was made to the introduction of the purported affidavit of publication in the trial court. Under these circumstances, we obviously cannot consider this question here. As a matter of fact had the objection been raised in the lower court, it may be presumed adequate proof of the necessary publication of notice could have been made.

The question is also raised as to the lack of the certificate to be made by the county treasurer upon the issuance of a tax deed showing all the things done by him in compliance with the provisions of section 7423, supra, and as required by that section. The defendant contends that such certificate was not made, but an examination of the abstract fails to disclose any testimony to this effect. Moreover, the record shows that an envelope kept in the treasurer's office disclosing in detail the proceedings taken by the treasurer from the time of the application for the tax deed to its final issuance, with copies of the various instruments involved which had been retained therein, were admitted in evidence. Under this state of the record the recitals in the tax deed, with reference to the regularity of the acts of the treasurer performed prior to the issuance of the deed, would, prima facie, establish compliance with the statute.

The defendant's other objections to the validity of plaintiff's deed are without merit or are foreclosed by the decision of this court in *Richardson v. Halbekann,*

20

*supra,* which we may say in fairness to counsel for defendant, was decided subsequent to the trial of the instant case in the court below.

The judgment is, therefore, affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE concur.