No. 16,196.

GRUSING *v.* PARKE.
(212 P. [2d] 102)

Decided November 21, 1949.

Mr. THORNTON H. THOMAS, JR., for plaintiff in error.

Mr. CHALKLEY A. WILSON, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

DEFENDANT in error was plaintiff below and plaintiff

in error was defendant. We refer to the parties as they appeared in the trial court.

Plaintiff brought the action to quiet title to six vacant lots in the town of Burlington, Colorado. Defendant claimed ownership of the lots based upon a commissioners' deed from Kit Carson county, executed and delivered to him subsequent to a tax deed in favor of the county. Defendant here seeks reversal of adverse judgment of the trial court, which voided the tax deed upon which defendant relied, and quieted title to said lots in the plaintiff.

The plaintiff called no witnesses to establish any irregularities in the proceedings resulting in the issuance of the tax deed to Kit Carson county. She offered in evidence the abstract of title to the lots, excepting therefrom the two entries showing the tax deed and commissioners' deed to defendant, which was admitted. The defendant offered in evidence the tax deed and commissioners' deed, which were admitted. The only testimony taken upon the trial related to rents and profits from the use of the land and any issue relating thereto was withdrawn from the case by stipulation. Plaintiff by her pleadings, and by her answers to interrogatories submitted by the defendant, limited her objections to the tax deed to two propositions, the first of which was that the acknowledgment appearing on the tax deed was insufficient. The acknowledgment to which objection was made is in the following form:

"The foregoing instrument was acknowledged before me this 30th day of November A.D. 1942 by L. M. Bushart as County Treasurer in and for the County of Kit Carson in the State of Colorado.

"My commission expires November 4th, 1946.

"Witness my hand and official seal this 30th day of November A.D. 1942.

"(Notary's Seal                  (Signed)  J. Steven Rockwell
    Affixed)                                      Notary Public."

The second objection to the tax deed is stated by plain-

tiff in her answer to defendant's cross complaint as follows: "That the County Treasurer prior to the issuance of said pretended Treasurer's Deed under which plaintiff claims title did serve or cause to be served, by personal services or by registered mail, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such lands, lot or premises, and also on the person in whose name the same was taxed or specially assessed, not more than five months, and at least three months before the time of issuance of said deed, in which notice he falsely stated when the time of redemption would expire, and did not state when the tax deed would be issued. That no notice of the issuance of Treasurer's Deed was ever given, as required by Colorado Laws 1937, page 1053."

The tax deed in all other respects was in substantial conformity with the form prescribed by section 257, chapter 142, '35 C.S.A. It contained the following recital: "And, whereas, all the provisions of the statutes prescribing prerequisites of obtaining tax deeds have been fully complied with, and are now of record and filed in the office of the county treasurer of said County;"

The trial court made no specific findings. The Judgment and Decree contains the following statement: "That the Court finds generally in favor of the plaintiff and that the plaintiff is the owner in fee simple of all of the real property described herein and that the defendant's claims are adverse to plaintiff and are without right as against the said plaintiff, and the plaintiff is entitled to a decree quieting her title against the defendant."

Defendant, seeking reversal, contends that his tax deed was not void on its face, and that plaintiff had the burden of presenting evidence showing the irregularities upon which she relied, which, admittedly, she did not do.

Questions to be Determined.

First: *Is the short form acknowledgment, used in the tax deed in question, sufficient to prove the due execution of the conveyance, and a prima facie case of title in the grantee named therein?*

The question must be answered in the affirmative. Any uncertainty concerning the validity of such an acknowledgment in a tax deed was definitely set at rest by our recent decision in the case of *Colpitts v. Fastenau,* 117 Colo. 594, 192 P. (2d) 524. We there answered the question in the following manner:

"Error is first urged in the finding of the trial court that the treasurer's deed to the county, under which defendant asserts title, is void on its face, in that the acknowledgment is fatally defective. Our revenue statute at section 257, chapter 142, '35 C.S.A., provides a statutory form of treasurer's deed, followed by a long form of acknowledgment. Section 258 of the statute requires that the deed be acknowledged by the treasurer before some officer authorized to take acknowledgments of deeds, and we assume intent that such acknlowledgment be in the long form set out in section 257. In 1927, the legislature adopted an act (§107, et seq., c. 40, '35 C.S.A.), since amended, S. L. '37, p. 477, and S. L. '39, p. 289, as to matters not here involved. Therein there is set out a short form of acknowledgment, and it is declared that any deed or other instrument relating to or affecting title to real property, acknowledged substantially in accordance with that form, shall be prima facie evidence of the proper execution thereof. The tax deed under which defendant Colpitts claims bore acknowledgment in the short form provided by the 1927 act as printed on the deed. Defendant's deed is valid on its face if the 1927 statutory form of acknowledgment was intended by the legislature to apply to treasurer's deeds."

\* \* \*

"Both from the wording and purpose of the 1927 stat-

ute, we believe the form of acknowledgment therein set out was intended to apply to treasurer's deeds."

\* \* \*

"We conclude that the treasurer's deed was not void on its face, and the trial court erred in so finding."

■ Second: *Does a litigant who attacks the validity of a tax deed upon the ground that the notice of application for issuance of tax deed was defective, have the burden of presenting evidence to sustain the alleged defect in said notice?*

The question must be answered in the affirmative. The tax deed here in question, in the exact language of the statutory tax deed form, provided that: "And whereas all the provisions of the statutes prescribing prerequisities of obtaining tax deeds have been fully complied with, and are now of record and filed in the office of the county treasurer of said County;"

The facts in this case are practically identical with those present in the case of *Richardson v. Halbekann,* 97 Colo. 175, 48 P. (2d) 1014, in which we upheld a tax deed which recited in general terms that there had been a compliance with the prerequisites to the execution thereof. The objection there made was that there was a failure of the required notice of application for the deed. The tax deed was admitted, and no evidence was offered concerning the notice of application for its issuance. We there quoted from *City and County of Denver v. Bach,* 92 Colo. 594, 22 P. (2d) 1114, as follows: " 'But by statute in this state the tax deed is made prima facie evidence of the regularity of these prerequisites \* \* \*. The burden of proof concerning these things is simply shifted to the attacking party.' "

Mr. Chief Justice Butler in a special concurring opinion in the Richardson-Halbekann case said: "The authorities are not in harmony, but the rule applied in this case has substantial support in the decisions and strong support in reason. Moreover—and this should settle the

question—the recital in the deed is in the exact words prescribed by the statute."

In *Walter v. Harrison,* 101 Colo. 14, 70 P. (2d) 335, there was no evidence, other than a recital in the tax deed, of compliance with the statutory prerequisites to the issuance of the deed. We stated: "Under this state of the record the recitals in the tax deed, with reference to the regularity of the acts of the treasurer performed prior to the issuance of the deed, would, prima facie, establish compliance with the statute." We there cited with approval, *Richardson v. Halkekann, supra.*

In *White Cap Mining Co. v. Resurrection Mining Co.,* 115 Colo. 396, 174 P. (2d) 727, we stated: "The treasurer's deeds being in substantial conformity with the statute, it follows that the burden of nullifying them is on the party contending for their invalidity."

From the foregoing it is clear that the plaintiff, who contended for the invalidity of the tax deed upon which defendant relied, had the burden of offering evidence to establish the grounds of invalidity alleged by her. This she failed to do, and the trial court erred in holding the tax deed void.

There is no merit in the argument of plaintiff that to sustain the tax deed would be to deprive plaintiff of property without due process of law.

The judgment is reversed and the cause remanded with directions to sustain the tax deed and enter judgment quieting title to said lots in the defendant.

MR. JUSTICE HAYS dissents for the reasons set forth in the dissenting opinion of Mr. Justice Young in the case of *Richardson v. Halbekann, supra.*