Hurlbut, J.
Action to quiet title under § 255, Mills Annotated Code. The answ.er denies every allegation in the complaint, except that alleging the corporate capacity of plaintiff, and pleads eight • defenses to plaintiff’s cause of action. The proofs fixed the title to the disputed premises in plaintiff, and it becomes *613 necessary to ascertain if tlie record discloses a better title in defendant.
Tlie second defense avers unqualified title and ownership in defendant, of the disputed premises, by virtue of a tax deed from the treasurer of Washington county, executed and recorded February 20,1901. Plaintiff in her replication denies that said deed was recorded, but admits that it was issued by the treasurer based upon a prior certificate of tax sale of the land. This deed was not offered in evidence by defendant and we are at a loss to understand why it now claims any title whatever to the lands in issue under that instrument.. Plaintiff could safely admit (as she did in her replication), that said deed was issued by the treasurer to defendant, but having denied its record it did not become color of title in favor of defendant unless recorded, and indeed did not become the evidence of any title whatever to the land in defendant under the showing made by this record. At the trial, as shown by the abstract, the following colloquy took place:
“Mr. Gilmore: This treasurer’s tax deed having, been admitted in replication as having been issued to the defendant, and that it is on record in the recorder’s office of Washington county, the defendant now offers in evidence his tax receipts, showing that it paid, under color of title to the said deed, the taxes on this land for the years 1900 and 1901 and each succeeding year thereafter, including 1907, each inclusive, being more than seven successive years of taxes assessed under color of title.
" The Court: The tax deed has not been offered in evidence yet, has it?
“Mr. Gilmore: No, the evidence is offered under *614 color of title as set forth in the answer and admitted in the replication. ’ ’
Plaintiff objected to the offer of the tax receipts, which was sustained. The defendant’s attorney was in error in making the statement which he did concerning the replication. By reading that pleading it will be seen that plaintiff neither admitted the recording of the deed nor that the deed showed color of title in defendant. And moreover it alleged that the same was wholly void in law, and averred many defects in the proceedings of the revenue officers upon which the sale and deed were founded, some of which if they appeared upon the face of the deed would render it void upon its face, but not having the deed before us, it not being in evidence, we are not justified in speculating upon the contents of the same. It is clear from the record that if defendant had intended to rely upon its title acquired by this deed it was necessary to have introduced it in evidence. We have been cited to no authority, and we believe none can be found, which'supports appellant’s contention, to the effect that the admission by a party in his pleadings that his adversary holds a tax deed from the treasurer is an admission of the validity of such deed; and that by reason of such admission the party will be deemed to have admitted that such tax deed was a good and valid muniment of title, where, as in this case, its validity is directly challenged by the replication. The defendant, having wholly failed to support his alleged title by sufficient proof, and having further failed to show that he had color of title to the premises, his defense in that behalf, as well as that founded upon payment of "taxes for seven successive years under claim and color of title in *615 good faith, is not sustained. Morris & Thombs v. St. Louis National Bank, 17 Colo. 231; Sayre v. Sage, 47 Colo. 559.
It will next be necessary to notice the third and fourth defenses, by which defendant attempts to prove its title to the disputed premises under and be virtue of a decree of the county court of Washington county rendered April 2, 1902. This decree was founded'upon constructive service. The .decree was admitted in evidence without objection, but ón rebuttal plaintiff introduced a certified copy of the complaint, summons and affidavit for publication. The affidavit fails to state the postoffice address of defendant, or that such address is unknown to affiant, and does not contain any direct statement of non-residence; neither is there any statement as to the departure of the defendant from the state without intention of returning; nor of his concealment to avoid service of process. This is fatal to the judgment founded upon the publication of summons urn der this affidavit. The Empire Ranch & Cattle Co. v. Coldren, (Colo.) 117 Pac. 1005. In that case it is held that the affidavit for publication is jurisdictional and if insufficient a judgment based thereon is open to direct or collateral attack. -But counsel calls our. attention to that part of the decree which reads as follows:
“Whereupon the plaintiff’s attorney filed his affidavit in this cause, shoiuing that said defendant was and is a non-resident of the state of Colorado, and that after diligent search and inquiry he does not know and cannot ascertain the whereabouts or postoffice address of the defendant.”
It will be noticed that the decree recites that *616 “plaintiff’s attorney filed Ms affidavit in tliis cause shotuing that said defendant,” etc. The decree does not purport to say that the affidavit states the matters recited, but the word “showing” is used. It seems apparent that the court was construing the identical affidavit for publication which is in evidence. No reasonable inference can be drawn that there might have been another and subsequent affidavit filed in the cause. Counsel says in his brief that this being a construction by the court of the facts recited in the affidavit we are precluded from disturbing his findings in that behalf. We understand the rule to be that where depositions or written documents are introduced at the trial the appellate court is not bound by the construction placed upon their contents by the lower court. It is the province of such appellate courts to construe such proofs regardless of the trial court’s construction. It is our duty to examine this affidavit and ascertain therefrom whether or not it contained sufficient averments to warrant the order of publication. Again, the recital in the decree, “he does not know and cannot ascertain the whereabouts or postoffice address of the defendant,” is not supported by the statements in the affidavit.. The affidavit nowhere states that affiant knew or did not know the postoffice address of defendant. From the recitals in the affidavit concerning affiant’s efforts to “find defendant and her place of residence, ’ ’. the court may have felt justified in arriving at a judicial conclusion that such efforts showed affiant did not ascertain or know defendant’s postoffice address. . The affidavit does not impress us as making any such showing. However, the question is immaterial, as the statute plainly says *617 the affidavit shall state the facts required to appear in the same. This was not done, and the decree founded thereon was null and void.
Decided July 8, A. D. 1912.
Rehearing denied October 14, A. D. 1912.
There are other assignments of error discussed in appellant’s brief, which will only be briefly noticed. Appellant invokes .as a lefense the “short statute of limitations,” § 3904, Mills’ Annotated Statutes. The record showing the ground to he vacant and unoccupied at all times, we do not think this defense available to defendant in this action. It is not an action in ejectment, that defense being only available in an action for the recovery of land sold for taxes. The former owner must have been ousted from, or in some manner disturbed in, his possession before it can be said that he can maintain an action to recover the premises. The record fails to show that defendant had any title whatever to the premises, or had possession thereof or any color of title thereto. The defense of the seven-year statute of limitations wholly failed of proof for the reason that the record failed to show that defendant acquired color of title to the premises and continued to hold the same during the time of the payment of the taxes.
For the reasons given the judgment is affirmed.

Affirmed.