BRADSHAW, Respondent, v. BRADY, Appellant.

(161 N. W. 195.)

(File No. 3951.   Opinion filed February 3, 1917.   Rehearing denied March 22, 1917.)

1. **Appeals—Appeal from Order, Before Entry—Dismissal of Appeal.**
An appeal to the Supreme Court from an order denying a motion for new trial, will not be dismissed on the ground that the appeal was taken before such order was entered or recorded. So held, construing Laws 1901, Chap. 166 (Code Civ. Proc. 317), providing that an order becomes effective when signed by the court, attested by the clerk, and filed in his office.

2. **Taxation—Evidence—Assessment of Realty—Assessment Roll, Failure to Find—Recital of Assessment in Tax Deed, Effect.**
Where, in a suit to quiet title to realty, the evidence showed that, after diligent search, the assessment roll for the year in question could not be found in the office of the county auditor, held, that under Pol. Code, Sec. 2213, the recital in the tax deed that the land was assessed, was prima facie evidence but not conclusive evidence of such assessment.

3. **Evidence—Assessment of Realty for Taxation, Best Evidence of— Rule.**

The best evidence of assessment of realty for taxation is the assessment roll itself, returned, kept and preserved as a permanent public record with the county auditor.

4.    Evidence—Assessment of Realty for Taxation—Assessment Roll Wanting—Recital of Assessment in Tax Deed—Burden of Proof of Assessment—Shifting of Burden.

Where, in a suit to quiet title to realty, it appeared that the assessment roll in question could not be found, and that the tax deed recited that the land was assessed for the year in question, held, that such recitals, making a prima facie case in plaintiff's favor on the issue of assessment, cast the burden of proof upon defendant, record owner, to produce evidence the effect of which was to show prima facie there was in fact no assessment. Held, further, that when defendant offered evidence that the assessment roll, after diligent search could not be found in county auditor's office, he produced strong prima facie proof of non-existence of the assessment sufficient to overcome the prima facie case made by recitals in the deed. The burden then devolved upon plaintiff, to avoid the effect of defendant's said evidence, and to produce evidence tending to show that an assessment roll for the year in question once existed, and that it had been lost or destroyed; in the absence of which evidence of loss, etc., defendant was entitled to recover.

5.    Same—Assessment Roll Unaccounted for—Ancient Documents, Whether Rule Concerning, Applies—Assessment Roll, Presumption, in Absence of.

The rule as to ancient documents, as applied to proofs of an assessment in an assessment roll, does not apply to public records supposed to remain in the custody of officers charged with their preservation, and which documents must be proved or their loss accounted for and supplied by secondary evidence; and the presumption is that these records and documents are in existence, and, in the absence of evidence, if they cannot be found or their loss or destruction accounted for, or explained, that they never existed. So held, concerning the evidence of an assessment of realty, where the assessment roll could not be found in the office of the county auditor; and such failure to find them is prima facie evidence that the assessment roll never existed.

6.    Taxation—Evidence—Assessment of Realty—Assessment Roll Not Found—Finding, Sufficiency of Evidence.

In a suit to quiet title to realty, it appearing that the assessment roll for the year in question could not, after diligent search, be found in the office of county auditor, but there being no evidence tending to show the loss or destruction of such assessment roll, and the tax deed containing a recital to the

effect that the realty was assessed for taxation, **held**, that a finding that the realty in question was duly assessed and properly charged on the tax book, was not sustained by sufficient evidence. So **held**, in view of Pol. Code, Sec. 2213, making a tax deed prima facie evidence of the truth of facts therein recited.

7. **Real Property—Tax Title—Limitations, Under Three Years' Statute, Availability of, Where Assessment Wanting.**

In a suit to quiet title to realty based upon a tax deed, **held**, that defendant is not estopped from claiming title to the realty by Pol. Code, Sec. 2214, being the three years' statute of limitations; said statute not being available in any event as against the jurisdictional step of non-assessment, if it should turn out that no assessment was made.

8. **Taxation—Tax Deed—Three Years' Statute of Limitations, Failure to Plead, Effect.**

Plaintiff, in a suit to quiet title, based upon a tax deed, may not invoke the aid of Pol. Code, Sec. 2214, being the three years statute of limitations, as against defendant's counterclaim.

Action by Henry Bradshaw, against Thomas Brady, to quiet title to realty. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

*Kirby & Kirby,* for Appellant.

*Kennedy & Kennedy,* for Respondent.

(2) To point two of the opinion, Respondent cited: Rev. Code 1877, Sec. 74; Gibson v. Pekarek, (S. D.) 126 N. W. 597; Gibson v. Kitterman, 124 N. W. 740; Geekie v. Kirby-Carpenter Co., 160 U. S. 379.

(3) To point three of the opinion, Respondent cited: Slocum et al. v. Slocum et al., (Iowa) 30 N. W. 562; Lathrope v. Irwin et al., (Iowa) 65 N. W. 972; Peters v. Lohr, (S. D.) 124 N. W. 853.

(5) To point five of the opinion, Appellant cited: Early v. Whittingham, 43 Iowa, 162; Hall v. Kellogg, 16 Mich. 135; Brink v. Dann, 33 S. D. 81; Hilton v. Bender, 69 N. Y. 75.

(7) To point seven of the opinion, Appellant cited: Cain v. Ehrler, 33 S. D. 536; Rehearing, 153 N. W. 491; Eaton v. Bennett, 87 N. W. (N. D.) 188; Moran v. Thomas, 19 S. D. 469.

McCOY, J.   Plaintiff claims title to two certain town lots situated in Worthing, Lincoln county, basing his right to recover

upon a tax deed issued on the 7th day of October, 1886, upon an alleged assessment of said lots for the year 1883. Defendant claims title by prescription and mesne conveyances from the government. Findings and judgment were in favor of plaintiff, and defendant appeals.

[1] Respondent has moved to dismiss the appeal and to strike the following assignment of error, "The court erred in refusing appellant a new trial," on the ground that at the time the appeal was taken the order denying the motion for new trial had not been entered or recorded in any record in the court below. We are of the opinion that this motion should be over-ruled. Formerly in this state an appeal could not be taken before atcual entry and recording of the order or judgment from which the appeal was taken; but since the enactment and going into effect of section 2, c. 166, Laws 1901, now embodied in section 317, Code Civ. Pr., an appeal may be taken after an order has been signed by the court, attested by the clerk, and filed in his office. Stephens v. Faus, 20 S. D. 367, 106 N. W. 56.

[2-5] The trial court, among others, made the finding that said town lots, the subject of this action, were legally liable for taxation for the year 1883 and were duly assessed and properly charged on the tax book for said year. The sufficiency of the evidence to sustain this finding is challenged by appellant. The assessment or assessment roll for the year 1883, which would have contained the assessment of said lots, if such an assessment had ever in fact been made, after diligent search could not be found in the office of the county auditor. Other than the recitals contained in the tax deed, there was no evidence offered in any manner tending to show that there ever was an assessment or an assessment roll made for the year 1883 that included or might have included an assessment of the property in question; neither was there any evidence tending to show the loss or destruction of any such assessment or assessment roll for the year 1883. The recitals of the tax deed were prima facie, but not conclusive, evidence of such assessment. The best evidence of an assessment is the assessment roll itself, which is returned and kept and preserved as a permanent public record in the office of the county auditor. When the tax deed was offered in evidence, that made out a prima facie case in favor

of plaintiff on the issue of the assessment. The burden was then upon defendant to produce evidence the effect of which was to show, prima facie, there was in fact no assessment. When defendant offered evidence that the assessment or assessment roll for 1883, after diligent search, could not be found in the office of county auditor, he produced strong prima facie proof of the nonexistence of the 1883 assessment sufficient to overcome the prima facie case made by the recitals in the tax deed. Wigmore, Ev. § 2493; Jones on Evidence, § 11, C, Blue Book. The burden then devolved upon plaintiff, to avoid the effect of said evidence offered by defendant, to produce evidence tending to show that an assessment roll for 1883 once existed, and that the same had been lost or destroyed. In the absence of such evidence of existence and loss or destruction of such assessment roll, defendant was entitled to recover. It seems to be generally held that, in the absence of evidence tending to show the actual existence and loss or destruction of such a public document, the absence thereof from its legal repository is prima facie evidence that it never existed.

In Early v. Whittingham, 43 Iowa, 162, it was held that, where there were no records showing that there was an assessment for a certain year, nor evidence that such records had once existed and been lost, the prima facie evidence of the assessment and levy based on the tax deed is overcome. In rendering this opinion the Supreme Court of Iowa said:

"Under such circumstances, the strong and conclusive presumption must be that all the books or records relating to the assessment, levy, or sale, which ever existed, are now on file or among the * * * records in the offices of the treasurer and auditor. There could have been neither an assessment, levy, or sale, without some written evidence or record thereof. And it is made the duty of the said officers to preserve the same in their respective offices. The loss or destruction of such records, without any proof, cannot be presumed. We are of the opinion therefore that the decided weight of testimony is in favor of the position that there never was an assessment, levy, or sale."

In Hall v. Kellogg, 16 Mich. 135, the Supreme Court of Michigan, in a similar case, said:

"It appears, among other things, from the certificates and evidence of the proper officers, that these papers (the assessment

record) are not, in some instances, to be found in their offices, and that no knowledge is possessed of their existence at any time. The law presumes that all officers intrusted with the * * * public files and records will perform their official duty by keeping them safely in their offices. Where a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption therefore arises that no such document has ever been in existence. * * * Until this presumption is rebutted, it must stand as proof of such nonexistence."

In Hilton v. Bender, 69 N. Y. 75, in a case where it was urged that, as the unfound assessment on which a tax deed was issued would be over 30 years old, the law would presume the deed was based on a sufficient assessment, and in that case the court held, citing Greenleaf on Evidence, § 20, that the rule as to ancient documents did not apply to public records which are supposed to remain in the custody of officers charged with their preservation, and which must be proved or their loss accounted for and supplied by secondary evidence. In rendering that opinion the New York Court of Appeals said:

"The presumption is that these records and documents are in existence, and in the absence of evidence, if they cannot be found or their loss or destruction in some way accounted for or explained, the natural presumption is that they never did exist."

[6] In Morrill v. Douglass, 14 Kan. 293, it was held that, when public documents such as tax records are directed to be preserved in a given office, a failure to find them there is prima facie evidence that no such documents ever existed. In this case there was some evidence as to the destruction which weakened the force of the failure to find them, and in that case the court sustained the findings of the trial court that the recitals of the tax deed should prevail. Of kindered nature is the holding of this court in Caldwell v. Pierson et al., 159 N. W. 124. In that case the question arose as to the service of notice of redemption and the filing and preserving among the tax records of the proof of service. This court said in relation thereto:

"Under this provision of the law, the completed service, and the particular mode thereof must appear in the taxing records and procedure required to be kept on file with the county treasurer. When this record required by law to be so filed is

introduced in evidence, and it fails to show service on the owner or person in possession, that in itself is evidence sufficient to overcome the prima facie case arising from the provisions of section 2213."

Section 2213, Pol. Code, was the statute in force at the time of the trial of this action. We are therefore of the view that the finding in question was not sustained by sufficient evidence.

[7, 8] It is also urged by respondent that, the three years' statute of limitations (section 2214, Pol. Code) having expired, appellant would be estopped from claiming title to said town lots. We are unable to concur in this contention. This three years' statute of limitations is not pleaded by respondent in his reply to defendant's counterclaim. Neither would said statute of limitations be available in any event as against the jurisdictional step of nonassessment, if it should turn out that no assessment was made.

The judgment and order appealed from are reversed, and the cause remanded for new trial.