[Civ. No. 3099.   Fourth Dist.   Mar. 4, 1944.]

TITLE GUARANTEE AND TRUST COMPANY (a Corporation), Appellant, v. S. A. WOODY et al., Respondents.

Arch H. Vernon, Earl E. Johnson, Walter S. Home and Gilbert E. Harris for Appellant.

West & Vizzard for Respondents.

BARNARD, P. J.—This is an action brought by the record owner to quiet its title to certain real property against the holder, or successors of the holder, of a tax deed issued by the Tax Collector of Kern County.

The property was sold to the state by operation of law on June 30, 1928, for delinquent taxes of 1927, and after the expiration of five years was deeded to the state on September 6, 1933. No redemption having been made the land was noticed for sale under order of the board of supervisors, with the approval of the state controller, and under the provisions of section 3897 of the Political Code was sold at public auction on July 30, 1937, to George M. DeShields and a deed issued to him on that date. DeShields was a Deputy County Auditor of Kern County and on the same day he transferred an interest in the property to S. A. Woody, the county auditor of that county, and to an employee in the auditor's office. There were subsequent assignments and all of the defendants had knowledge of the official capacity of the purchaser and transferees.

This action was brought two years after this sale and conveyance to DeShields. The court held that there was no legal bar to the deputy auditor becoming a purchaser at this sale

since no other elements of active or constructive fraud appeared, and that the action was barred by the provisions of subdivision 8 of section 3897 of the Political Code as it read when the sale was made. Findings were in favor of the defendants and the plaintiff has appealed from the judgment.

The appellant contends that the sale to the state in 1928 was void because there was an inseparable assessment upon property subject to taxation and upon property not subject to taxation. It appears that the assessment in question covered the entire south half of a certain quarter-section, although an existing road, which was dedicated to the county in fee, took approximately 2.73 acres of the property. It is also contended that the 1927 assessment was void for the reason that it attempted to subject the property to school district taxes levied for districts other than those within which the property was situated. In this connection it appears that the property was actually in the Delano Joint Union High School District and in the Delano Elementary School District. However, in various parts of the budget and assessment proceedings the districts for which the school taxes were assessed were mentioned as the Delano Union School District, the Delano Union Grammar School District, the Delano Joint Union High School District, and the Delano Kindergarten School District. It is unnecessary to pass upon these contentions under our views on the next question considered.

The main question presented is whether this action is barred by subdivision 8 of section 3897 of the Political Code, which provides that no action to set aside or question the validity of any proceedings under that section may be brought or maintained unless it is commenced within six months after the date of the execution of the deed of the tax collector, issued pursuant to the provisions of that section. This action was not commenced until about two years after the date of that deed and if that limitation is applicable this action was barred.

Based upon its contention that the original sale to the state in 1928 was void for the reasons above set forth, the appellant contends that the state was not the owner of the land in question and that, therefore, section 3897 of the Political Code has and can have no application to the instant case. It is argued that this section applies only, as stated in the first sentence thereof, ''whenever the state shall have become

the owner of any property sold for taxes and the deed to the state has been filed with the controller as provided in section 3785,'' and that since there was a defect in the original tax proceedings the state did not become the owner of the property in question and section 3897 does not apply.

This contention is without merit. It is settled that section 3897, as it read at the time of the sale here in question, governs the sale thereunder. (*Bray* v. *Jones*, 20 Cal.2d 858 [129 P.2d 364].) (See, also, *Mercury Herald Co.* v. *Moore*, 22 Cal. 2d 269 [138 P.2d 673, 147 A.L.R. 1111].) Section 3897, as it then read, provided a method for the sale by the state of land theretofore deeded to the state for delinquent taxes and which had not been redeemed. Subdivision 8 of that section established a limitation of six months, after the date of a deed from the state thus issued, within which an action seeking to set aside or question the validity or regularity of such proceedings might be brought. The second paragraph of that subdivision placed the burden of proof in any such action filed within the time allowed upon the plaintiff therein to show any ''invalidity of the taxes, assessments or sales'' of which he might complain. This indicates that this subdivision was designed to cover not only any invalidity or irregularity in the proceedings by which the state sold the property, but also any invalidity or irregularity in the assessment or sale to the state and through which the state acquired whatever title it had. This subdivision clearly contemplates that an action may be brought to contest the state's right to sell the property and places a limitation upon the time within which such an action may be brought. It would be an idle act to provide for the bringing of such an action, and to provide rules therefor, if the same and the entire procedure made subject to such an attack was intended to apply and have effect only in cases where the state had a perfect title, where all the prior proceedings contained no flaws or questionable acts and where no grounds existed for questioning the right of the state to sell the property. ■ The language used in the first sentence of section 3897, ''whenever the state shall have become the owner of any property sold for taxes and the deed to the State has been filed with the Controller as provided in section 3785,'' must be given a reasonable interpretation. Taken by itself, and also in connection with the language of the rest of the section, the only reasonable interpretation of that language is that it means that whenever the state shall

have become the owner of the property insofar as it has received the deed provided for in section 3785, and when this deed has been filed with the controller, the other provisions of section 3897 are to apply and the land may be sold by the state in the manner therein provided. Subdivision 8 of that section is not a curative act, but it is a statute of limitation and repose, and the period of limitation thus provided is a reasonable one. (*Mercury Herald Co.* v. *Moore,* 22 Cal.2d 269 [138 P.2d 673, 147 A.L.R. 1111].) █ We hold, therefore, that section 3897 of the Political Code was applicable here and that this action was barred by subdivision 8 of that section.

█ It is further contended that it is against sound public policy to permit the county auditor or his deputy to buy property at a tax sale held by the tax collector of the same county. Assuming that this is a matter not covered by the statute of limitations just discussed, it is one within a field covered by legislative action. Section 921 of the Political Code provides that county officers must not be purchasers at any sale made by them in their official capacity. The sale here in question was made by the tax collector and this statutory provision would apply to him. In thus providing, the Legislature refrained from extending the prohibition to the county auditor or his deputy, who do not in their official capacity conduct the sale. This is a sufficient expression of public policy on this particular matter and there is neither express nor implied authority to extend this prohibition in order to cover other officers of the county. While good reasons might be advanced for so doing, this is a matter for the consideration of the Legislature rather than for the courts. Without some further showing of unfairness in connection with the sale this contention cannot be sustained.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.