[Civ. No. 3652.    Fourth Dist.    July 24, 1947.]

DUNCAN E. DAVAULT et al., Appellants, v. MATHIAS L. ESSIG et al., Defendants; CHARLOTTE ERICKSON, Respondent.

Solon S. Kipp and W. E. Starke for Appellants.

Virgil S. Kipp for Respondent.

BARNARD, P. J.—This is an appeal from a judgment quieting title to certain lots in San Diego in the respondent.

It was stipulated that the appellants were the owners of the land unless deprived of their ownership by virtue of the tax deeds, under which the respondent claims. One parcel was deeded to the state on August 1, 1934, because of delinquent taxes assessed for the year 1928. The other two parcels were deeded to the state on August 1, 1935, because of delinquent taxes assessed for the year 1929. All three parcels were deeded from the state to the respondent by deed dated August 28, 1944. All of these deeds were duly recorded, the deeds to the state on October 1, 1934, and August 12, 1935,

respectively, and the deed from the state to the respondent on September 11, 1944. All of the taxes here in question included assessments for local improvements, levied under the Mattoon Act and collected with the county taxes. This action was filed on September 26, 1944, nearly 10 years after the recording of one of the deeds to the state and more than nine years after the recording of the other two deeds to the state, and over three years after June 1, 1941, the last date for the commencement of the running of the limitation provided for in section 3521 of the Revenue and Taxation Code. The action was in the ordinary form to quiet title and the respondent's answer alleged, among other things, that the cause of action set forth in the complaint was barred by the provisions of section 3521. After a trial, the court found in favor of the respondent finding, among other things, that this action was barred by section 3521. Judgment was entered accordingly and this appeal followed.

The appellant contends that although this property was sold to the state for delinquent taxes assessed in 1928 and 1929, it was not properly advertised because it was not included in the delinquent lists for taxes assessed for 1934 and 1935, which were published in June, 1935, and June of 1936, respectively, after the respective deeds to the state; that the various tax deeds are void because the taxes levied, beginning with the year 1928, were excessive due to the fact, as claimed, that in the various years other lands within Acquisition and Improvement District No. 1, which had theretofore been deeded to the state, were improperly omitted from the assessment rolls, insofar as district assessments were concerned; that the two deeds to the state dated August 1, 1935, are void because in each instance the property was actually sold for one cent less than the amount advertised; that all of the property in question was sold for excessive amounts because the omission from the tax rolls of lands within the improvement district, which had theretofore been deeded to the state, resulted in increasing the assessment against other lands within the district assessed for district purposes; and that the special statute of limitations provided by section 3521 of the Revenue and Taxation Code has no application here.

Since we agree with the trial court's holding that this action was barred by the provisions of section 3521 it will be unnecessary to consider the other points raised. That section provides that a proceeding based on any alleged in-

validity or irregularity of any deed to the state for taxes, or of any of the proceedings leading up to such a deed, must be commenced within one year after the date of recording the deed to the state or within one year after June 1, 1941, whichever is later. This action was commenced more than three years after June 1, 1941. Section 3521 is not a curative act, but is a statute of limitation and repose governing actions based on claimed errors in the proceedings up to and including the issuance of a deed to the state. Another section of that code, section 3725, provides a similar limitation for an attack against the validity of the deed from the state to an individual, which attack is directed against the proceedings provided for in that chapter, which relates to the manner in which the state may sell and convey the property. Section 3725 is not applicable here as no complaint was made as to the regularity of any proceedings taken in accordance with the provisions of that chapter of that code.

The appellants' objections at the trial court and here are in nowise directed against the deed from the state, except indirectly through the contention that the proceedings leading up to deed to the state were defective. The contention that these lands were improperly omitted from the delinquent lists, respectively, published the year after they were deeded to the state could affect only the title which the state received, and is in no way an attack on the proceedings outlined in the chapter governing the making of a deed from the state. The attacks made are all directed against proceedings leading up to the deed to the state, it being claimed that because certain lands were improperly omitted from the assessment rolls, because certain notices were not properly published, and because of errors in amounts, the proceedings were so defective that the state received no title which it could convey.

The appellants argue that section 3521 does not apply in such a case as this where the attack is made on jurisdictional or constitutional grounds, raising the point that the original proceedings which led to the sale to the state were entirely invalid. This contention is without merit since section 3521 is not a curative act but is a statute of limitation and repose, providing a reasonable period of limitation. (*Title Guar. & Trust Co.* v. *Woody,* 63 Cal.App.2d 209 [146 P.2d 252].) The principles applied in *Mercury-Herald Co.* v. *Moore,* 22 Cal.2d 269 [138 P.2d 673, 147 A.L.R. 1111] are applicable here. If the shortening of the period of redemption, where

a reasonable time is allowed in which to act, is not violative of constitutional rights it would seem to be even more clear, under principles which are frequently applied, that a right exists to fix some reasonable limitation upon the time within which a constitutional right may be exercised, by which a limitation is placed on the time within which an action may be commenced to attack the validity of a deed to the state, which deed is given after the five-year period of absolute right of redemption has expired.

In *Meigs* v. *Roberts, Comptroller,* 162 N.Y. 371 [56 N.E. 838, 76 Am.St.Rep. 322], after mentioning the general principle that curative acts will not cure jurisdictional defects, the court said: ''This principle does not apply to a statute of limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right.'' To the same effect see *Turner* v. *New York,* 168 U.S. 90 [18 S.Ct. 38, 42 L.Ed. 392] ; *Saranac Land & Lumber Co.* v. *Roberts, Comptroller,* 177 U.S. 318 [20 S.Ct. 642, 44 L.Ed. 786].

In *Rand* v. *Bossen,* 27 Cal.2d 61 [162 P.2d 457], a case involving a different statute but principles similar to those here applicable, the court said: ''Likewise, in the instant case the legislature is authorized to place reasonable limitations upon a constitutionally protected right.''

Upon principle and authority, we have no doubt that the Legislature had the right to enact the statutory limitation provided in section 3521 and that such limitation is a reasonable one. No reason appears why this limitation is not applicable here. No attack was made upon the alleged irregularities here complained of until this action was filed, some 17 years after the assessments were made, during most of which time the appellants could have redeemed the property. If any of the errors alleged could be substantiated, the Legislature was well within its rights in eventually placing a limitation upon the time within which that might be done. The appellants did not act until more than two years after that limitation had expired.

The judgment is affirmed.

Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied. September 18, 1947. Carter, J., voted for a hearing.