[Civ. No. 4210.   Fourth Dist.   Sept. 26, 1950.]

FRED I. GRAY et al., Respondents, v. ALICE B. C. JONES, Appellant.

Solon S. Kipp and W. E. Starke for Appellant.

Wilmer Breeden for Respondents.

MUSSELL, J.—This is an action to quiet title to Lot 76, Highdale Addition to Encanto Heights in the city of San Diego.   The plaintiffs claim under deed issued by the Tax Collector of San Diego County based upon a tax deed to the state on August 1, 1935, for a delinquency of 1929.   The defendant is successor in interest to the record owner.

The complaint is in the usual form and, among other things, it is alleged therein that the plaintiffs are the owners of the

real property described therein and that the defendant asserts or claims some right, title, interest, estate or lien therein adverse to the rights of the plaintiffs.

The answer denies ownership in plaintiffs, admits that the defendant claims some right, title or interest in the property, and contains a prayer for an order quieting title in the defendant.

The evidence is that the lot in question is situated in what is known as Zone K, in Acquisition and Improvement District No. 13, and was sold to the state on August 1, 1935, for 1929 delinquent taxes and assessments; that it was deeded by the county Tax Collector of San Diego County to plaintiffs on February 4, 1947, and that the deed was duly recorded. The defendant produced no evidence with respect to her own title but introduced various tax records in an attempt to show that the deed to the state on August 1, 1935, was invalid.

The court found that the plaintiffs were and are the owners in fee and entitled to the possession of the lot; that the defendant has no right, title or interest therein; that assessments for certain property in the acquisition and improvement district, embracing the property herein involved, were omitted from the tax roll, thereby increasing the tax burden on the lot in question and the court concluded that any defects or irregularities occasioned by the omission of such property from the tax rolls were cured by the Validating Act of 1947. (Stats. 1947, ch. 605; Act 8443b, 3 Deering's Gen. Laws, 1947 Supp., p. 76.) Judgment was entered accordingly and defendant appeals.

The sole question presented on this appeal is whether the trial court was correct in its conclusion that the omission of property from the tax rolls, under the circumstances here presented, was cured by the said validating act.

The statute in question, as far as applicable here, provides as follows:

"Sec. 3. Every act and proceeding heretofore taken by any taxing agency or revenue district or the officers thereof relative to the preparation, transmitting, computing, determining or fixing the budget or the tax rate or rates of any taxing agency or revenue district, or to the assessment or equalization of property or to the levy of taxes thereon or to tax sales or certificates of tax sales, tax deeds or other conveyances, are hereby confirmed, validated and declared legally effective.

"Sec. 4.    (a)   This act is limited to the correction of defects, irregularities and ministerial errors which the Legislature originally could have omitted from the statutory requirements of law under which the acts hereby confirmed, validated and declared legally effective were taken.

(b)  This act is limited to the validation of acts and proceedings to the extent to which the same can be effectuated under the State and Federal Constitutions.''

The record before us does not disclose the reason for the omission of the property from the tax rolls.   The suggestion in the briefs is that the omitted property had been sold for taxes.   If it was sold to the state for delinquent taxes, and state owned, it was properly omitted from subsequent assessments.

The Acquisition and Improvement Act, applicable here, provides in part as follows:  (1925 Stats., ch. 419, p. 849.)

"The lands upon which said special assessment taxes shall be levied shall be all those lying within the assessment district, including any lands which are the operative property of any public utility; *provided,* said lands shall not include any lands belonging to the United States government or the State of California, but they shall include all lands belonging to any county, municipality, district, public agency, mandatory of the government, school board, educational, penal or reformatory institution, or institution for the feeble-minded or insane, included within the assessment district, whether being in use in the performance of any public function or otherwise; . . .''

The act further provides for the omission of certain property from the levy and collection of special assessment taxes. State owned lands are also exempt under the provisions of article XIII, section 1 of the state Constitution.

It may be presumed that official duty has been regularly performed (Code Civ. Proc., § 1963, subd. 15), and that the lands were thus excluded in accordance with the law.

The rule concerning the applicability of curative statutes, such as the one here involved, is stated in *Miller* v. *McKenna*, 23 Cal.2d 774, 782 [147 P.2d 531].   Generally, it is there held that the Legislature may cure irregularities or omissions to comply with provisions of a statute which could have been omitted in the first instance; that the Legislature cannot cure defects which are sometimes termed jurisdictional but that the manner or procedure, after jurisdiction is acquired and the mandate of due process are complied with, is

a matter within the legislative discretion and may be subject to the exercise of the healing power as long as further constitutional inhibitions are observed.

In *Union Title Ins. & Trust Co.* v. *Thorp*, 94 Cal.App.2d 421, 423, 424 [210 P.2d 905], this court had before it for consideration the contention that a tax assessment was defective because of omission from the assessment roll of various pieces of property. The contention was disposed of in the following language:

"It is next contended that the tax assessment for 1929 was defective because the assessor omitted from the assessment roll for that year various parcels of land in Districts No. 17 and No. 8, which had the effect of increasing the assessments on the portions of the half lot in question which were in the various zones, these portions being charged with a percentage of whatever delinquencies had occurred with respect to other property. This is the objection which has frequently been raised to the 'pyramiding' of assessments in the so-called Mattoon districts. By section 41 of the 1925 act, and as provided for in the Resolutions of Intention of these districts, any land belonging to the State of California was excluded. Such state-owned lands are within the exemption provided for in the Constitution. (*Sutter-Yuba Inv. Co.* v. *Waste*, 21 Cal.2d 781 [136 P.2d 11].) The exclusion of such lands under these circumstances has frequently been upheld. Any injustice resulting therefrom is a matter for legislative and not judicial correction. (*American Securities Co.* v. *Forward*, 220 Cal. 566 [32 P. 343].) The appellant admits that this point was unsuccessfully raised in *Devault* v. *Essig*, 80 Cal. App.2d 970 [183 P.2d 39], but argues that in the later decisions of *Hall* v. *Chamberlain*, 31 Cal.2d 673 [192 P.2d 759], and *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], 'a different theory seems to have been presented.' We are unable to see that any different theory was followed in those cases, with respect to the point now under consideration."

The record before us does not disclose an omission of "jurisdictional requisites" and under such circumstances the curative statute is applicable. (*City of Compton* v. *Boland*, 26 Cal.2d 310, 316 [158 P.2d 397].)

The effect of the statutes of limitation (Rev. & Tax. Code, §§ 175, 3522) is not here decided as the statutes were not pleaded or referred to at the trial and cannot be invoked

for the first time on appeal. (*Union Sugar Co.* v. *Hollister Estate Co.*, 3 Cal.2d 740, 745 [47 P.2d 273].)

Judgment affirmed.

Griffin, Acting P. J., concurred.