76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Jose CASTANEDA, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY; Sherman Block; William Y. Thompson;
Philip Geisler; James Roush; Robert Schmidt,
Defendants-Appellees.
Juan Jose CASTANEDA, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY; Sherman T. Block, Sheriff, and unnamed
L.A. County Deputy Sheriffs, Defendants-Appellees.
 Nos. 94-55721, 94-55898.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1995.
Decided Feb. 5, 1996.
 
 1
 Before: SCHROEDER, O'SCANNLAIN, Circuit Judges, BURNS*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Juan Jose Castaneda appeals the district court's entry of judgment in favor of defendant Los Angeles county and individual defendants. We affirm.
 
 I.
 
 4
 Castaneda argues that the district court erred when it denied his motion for a continuance on the first day of trial. This court reviews the denial of a motion for continuance for abuse of discretion. United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1521 n. 5 (9th Cir.1995), pet. for cert. filed, 64 U.S.L.W. 3086 (U.S. July 28, 1995) (No. 95-173). When reviewing such a denial, this court examines the extent of the movant's diligence in preparing his case prior to the hearing date; the likelihood that the need for a continuance would have been met if it had been granted; the inconvenience to the non-moving party and court; and the harm suffered by the movant due to the denial. United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985), op. amended, 764 F.2d 675 (9th Cir.1985). In order to obtain reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request. Id.
 
 
 5
 First, Castaneda's diligence in preparing for trial is questionable in light of his failure to subpoena witnesses and place them "on call" for trial, to notify the court of his incarceration or make suitable arrangements for his appearance on short notice, and to proceed with trial by examining available witnesses. Second, Castaneda asserts that the continuance would have enabled him to obtain two crucial expert witnesses, but these witnesses could have been called for the following week after counsel examined the available witnesses. Thus, the continuance would have been of limited use. Third, granting the continuance would have substantially inconvenienced the court by leaving it vacant for a week. Fourth, because counsel could have proceeded with available witnesses, the prejudice resulting from denial was not substantial. Thus, the district court did not abuse its discretion in denying the continuance.
 
 II.
 
 6
 Castaneda also argues that the district court erred in dismissing his action for failure to prosecute. In reviewing the district court's dismissal for failure to prosecute, this court will reverse only for an abuse of discretion. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). This court considers five factors in determining whether dismissal is appropriate: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. Id. (citation omitted).
 
 
 7
 Castaneda's refusal to proceed prevented the court from disposing of one of the oldest cases on the docket, and left the courtroom vacant for a week. Dismissing the case, and thereby deterring future litigants from failing to take steps necessary to accommodate the court's hectic schedule, served the public's interest in expediting litigation and the court's management function. Moreover, the court explored less drastic solutions, including allowing counsel to commence presentation the following afternoon in order to subpoena witnesses, and reimbursing the court for the idle time caused by his refusal to proceed. Counsel rejected both options. Notwithstanding the public's interest in disposing of cases on the merits, the court did not abuse its discretion when it dismissed Castaneda's first action.
 
 III.
 
 8
 Castaneda challenges the district court's denial of his motion for a new trial under Rule 59(a). He argues that the court improperly conditioned reinstatement of his case upon the payment of $20,000. The district court's denial of a motion for new trial is reviewed for abuse of discretion. California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1405 (9th Cir.1995). This court recognizes that manifest errors of law or fact, and newly discovered evidence are grounds for the grant of a new trial. Brown v. Wright, 588 F.2d 708, 710 (9th Cir.1978). Castaneda's challenge must fail because he points to neither new evidence nor manifest errors of law or fact. The district court was not required to grant the motion for new trial, conditionally or otherwise. The denial was not an abuse of discretion.
 
 IV.
 
 9
 Castaneda challenges the district court's dismissal of his second action on statute of limitations grounds, arguing that the doctrine of equitable tolling requires reversal. This court reviews de novo dismissals on statute of limitations grounds. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993). State law governs the application of equitable tolling to the statute of limitations in § 1983 actions. Ervin v. County of Los Angeles, 848 F.2d 1018, 1019 (9th Cir.1988), cert. denied, 489 U.S. 1014 (1989). The California Supreme Court long ago rejected Castaneda's argument that the statute of limitations may be equitably tolled during the pendency of a timely suit that is dismissed for failure to prosecute. See Tannhauser v. Adams, 31 Cal.2d 169, 187 P.2d 716, 721-22 (1947); see also Wood v. Elling, 20 Cal.3d 353, 361-62, 142 Cal.Rptr. 696, 700-01 (1978). The second action was properly dismissed.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3